**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,**

v.

**ST. FRANCIS XAVIER PAROCHIAL SCHOOL and St. Francis Xavier Church, Appellees.**

No. 96–5239.

United States Court of Appeals, District of Columbia Circuit.

Argued March 25, 1997.

Decided July 18, 1997.

Barbara L. Sloan, Attorney, Equal Employment Opportunity Commission, Washington, DC, argued the cause for the appellant.

J. Ray Terry, Jr., Deputy General Counsel, Equal Employment Opportunity Commission, Memphis, TN, was on brief.

Anthony P. Interdonato, Washington, DC, argued the cause for the appellees. James T. Reilly was on brief.

Before: SENTELLE and HENDERSON, Circuit Judges, and BUCKLEY, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge KAREN LeCRAFT HENDERSON.

Separate concurring opinion filed by Circuit Judge SENTELLE.

KAREN LeCRAFT HENDERSON, Circuit Judge:

In a complaint naming two defendants—St. Francis Xavier Parochial School (School) and St. Francis Xavier Church (Church)—the Equal Employment Opportunity Commission (EEOC) initiated an action alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (ADA). The district court dismissed the case for lack of subject matter jurisdiction because the School (where the alleged discriminatory acts took place) did not have enough employees to be covered under the ADA. In so holding, the district court rejected the EEOC's argument that the employees of the School and the Church, along with the employees of the non-party St. Francis Xavier Day Care Center (Day Care Center), should be aggregated in determining coverage under the ADA. Because coverage under the ADA forms an element of the plaintiff's cause of action rather than a prerequisite to the district court's jurisdiction, the district court erred in dismissing the case for lack of jurisdiction. Although we would be free to affirm the district court (assuming we agreed there were insufficient employees for ADA coverage), on the different legal ground of failure to state a claim, we decline to do so. At this stage of the litigation it is not possible to determine if the employees of the School, the Church and the Day Care Center should be considered together or, as the district court concluded, separately. Accordingly, dismissal was pre-

mature and we reverse and remand for further proceedings.

## I.

In August 1992 the School placed an advertisement in the *Washington Post* for the position of part-time music teacher. Roberta Stein, who suffers from multiple sclerosis and is confined to a wheelchair, telephoned the School to inquire about the position. The content of the ensuing conversation is in dispute. Stein claims that Mildred Sherill, the School principal's secretary, first scheduled an interview with Stein but then canceled it after Stein inquired whether the building was wheelchair accessible. The School and the Church claim that the position had already been filled at the time Stein called and that, although Stein was told the building was not wheelchair accessible, this fact had nothing to do with her not being interviewed.

In February 1994 the EEOC filed an action claiming that the School and the Church had violated the ADA by failing to reasonably accommodate Stein in failing to provide a wheelchair-accessible interview site, 42 U.S.C. § 12112(b)(5)(A), and by discriminatorily refusing to hire Stein on the basis of her disability, 42 U.S.C. § 12112(a). In their Answer and Pre–Trial Statement, the School and the Church claimed they did not have the requisite 25 employees to be considered an "employer" under the ADA.[1] Before trial the district court directed the parties to submit briefs on ADA coverage. In its briefs to the district court, the EEOC contended that the employees of the School should be aggregated with the employees of the Church and

the employees of the non-party Day Care Center. The district court treated the briefs of the School and the Church as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Concluding that the employees should not be aggregated and that, even if they were, the 25 employee threshold would still not be met, the district court vacated the previously established trial dates and dismissed the case for lack of subject matter jurisdiction.

On appeal the EEOC argues that the district court erred in failing to aggregate the employees of the School, the Church and the Day Care Center. If the employees are aggregated, then, according to the EEOC, the 25 employee threshold will be met.

## II.

■ The question whether the School and the Church have enough employees to be covered under the ADA does not affect the jurisdiction of the district court. Because the claim arises under the laws of the United States and is neither "immaterial and made solely for the purpose of obtaining jurisdiction" nor "wholly insubstantial and frivolous," *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), the district court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Dismissal under Rule 12(b)(1) was therefore erroneous.

We acknowledge that at least three circuits have treated the question whether an employer has sufficient employees to be covered under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Title VII),[2]

---

1. In relevant part, an "employer" under the ADA is "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year." 42 U.S.C. § 12111(5)(A). Because the alleged discriminatory acts took place within two years of the effective date of the ADA, the threshold number of employees in this case is 25 rather than 15. *Id.* In addition to claiming they were not covered because of insufficient employees, the School and the Church also argued they were not an "industry affecting commerce." The district court rejected that argument with respect to the School and noted that the facts were inconclusive with respect to the Church. The School and

the Church have not made the "affecting commerce" argument in their briefs to this court. The School and the Church also argued that they are not covered by the ADA because they fall under the ADA's express exemption for religious institutions. 42 U.S.C. § 12187. The district court did not address the religious institution exemption because it dismissed the case on independent grounds. JA 22.

2. Reference to Title VII cases is proper here. Except for the 25 employee threshold applicable for two years following enactment of the ADA, *see supra* note 1, the ADA and Title VII have identical coverage provisions on the required

as jurisdictional. *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930, 932–33 (11th Cir.1987); *Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1983); *Dumas v. Town of Mount Vernon Alabama,* 612 F.2d 974, 979–80 (5th Cir.1980); *see also Rogers v. Sugar Tree Prod., Inc.,* 7 F.3d 577, 579 (7th Cir.1993) (treating required number of employees under Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, as jurisdictional). Nevertheless, none of the courts has explained *why* the question is jurisdictional. Nothing in Title VII (or the ADA) expressly limits the district court's subject matter jurisdiction. More important, circuit precedent points in the opposite direction. In *Haddon v. Walters,* 43 F.3d 1488 (D.C.Cir. 1995), we addressed an analogous coverage issue under Title VII. In *Haddon* a chef employed at the White House brought a Title VII claim against the White House Chief Usher. Whether the plaintiff was a covered employee under Title VII turned on whether the White House qualified as an "executive agenc[y] as defined in section 105 of Title 5." 42 U.S.C. § 2000e–16(a). The district court dismissed the case for lack of subject matter jurisdiction on the ground that the White House did not qualify as an executive agency within the meaning of section 2000e–16. We agreed that the White House did not qualify but rejected the district court's conclusion that it lacked jurisdiction. In so concluding, we relied on the Supreme Court's statement in *Bell v. Hood,* 327 U.S. at 682, 66 S.Ct. at 776:

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.... Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has as-

sumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

This statement is equally applicable here. If the School and the Church are not covered under the ADA, this fact does not preclude the district court from asserting jurisdiction—although of course it would be fatal to the EEOC's claim on the merits. *Cf. Kleiman v. Department of Energy,* 956 F.2d 335, 339 (D.C.Cir.1992) (district court has jurisdiction over claim beyond scope of the Privacy Act, 5 U.S.C. § 552a, but must dismiss for failure to state claim); 2 *Moore's Federal Practice* § 12.30[1] (3d ed.1997) ("Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits related determination.").

 Although the district court erroneously dismissed the action pursuant to Rule 12(b)(1), we could nonetheless affirm the dismissal if dismissal were otherwise proper based on failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Haddon,* 43 F.3d at 1491. To prevail on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the School and the Church must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice.[3] *See Lovelace v. Software*

---

number of employees. *Compare* 42 U.S.C. § 12111(5)(A) *with* 42 U.S.C. § 2000e(b).

**3.** The district court considered the parties' pretrial statements as well as four memoranda prepared by the parties. We too would consider these materials were we presented with a true Rule 12(b)(1) jurisdictional issue. *See Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir.1986) (materials *aliunde* pleadings can be considered

on Rule 12(b)(1) motion), *vacated on other grounds,* 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987). Because the ADA coverage issue is not jurisdictional, however, we are limited to considering the pleadings and the attachments thereto. Although we would be permitted to go beyond the pleadings were we to consider the issue before us as a motion for summary judgment under Federal Rule of Civil Procedure 56, we decline to do so. The defendants here did not

*Spectrum, Inc.,* 78 F.3d 1015, 1017–18 (5th Cir.1996). Moreover, we must accept the EEOC's factual allegations as true, *see Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994), and draw all inferences in the EEOC's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

▮ Applying these principles to this case, we believe that the EEOC has adequately stated a claim with respect to the number of employees required for ADA coverage. In its Complaint, the EEOC alleged, "At all relevant times ... St. Francis Xavier Parochial School and St. Francis Xavier Church ... have continuously been doing business in the District of Columbia, and have continuously had at least 25 employees." JA 25. The School and the Church entered general denials, JA 32, but because we must accept the EEOC's allegations as true at this stage in the proceedings, dismissal for failure to state a claim is improper.

The district court concluded that the employees of the School and the Church (and the Day Care Center) could not be aggregated under a test utilized by the National Labor Relations Board to determine whether multiple entities should be considered as a single employer in labor disputes. JA 10–17 (applying test from *Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc.,* 380 U.S. 255, 256, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965)). Based on the pleadings, however, we have *nothing* upon which to evaluate the four factors of the *Radio Technicians* test: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations and (4) common ownership or financial control. Accordingly, we have no basis upon which to affirm the district court. From the pleadings we cannot even determine whether the School, the Church and the Day Care Center are distinct legal entities capable of being sued in their own names.

Nor do the parties' other submissions provide persuasive evidence on the issue. In its brief to this court the EEOC states "there is no evidence that the school exists as a legal entity separate from the church." Appellant's Opening Br. at 16 n.7. Yet the EEOC took the inconsistent action of naming the School as a separate defendant in its Complaint. Even going beyond the pleadings, then, we cannot answer a question of utmost importance—whether the School (and the Day Care Center) are distinct legal entities or whether they are merely parts of one legal entity—the Church. If the defendants comprise only one legal entity there may well be no need to apply *Radio Technicians* at all. Because the Supreme Court described the *Radio Technicians* test in terms of *nominally* rather than *legally* distinct entities, 380 U.S. at 256, 85 S.Ct. at 877, we think the door is at least open to apply the test to entities that have different *names* (a condition satisfied here)—even if they are not legally distinct (a condition that may or may not be satisfied here).[4] We note, however, that we have applied the test only where there were separate *legal* entities. *See Geiger Ready–Mix Co. of Kansas City v. NLRB,* 87 F.3d 1363, 1365 (D.C.Cir.1996) (applying test to four concrete plants, each owned by separate company); *Local 627, International Union of Operating Eng'rs v. NLRB,* 595 F.2d 844, 847 (D.C.Cir.1979) (applying test to two subsidiary corporations); *United Tel. Workers v. NLRB,* 571 F.2d 665, 667 (D.C.Cir.) (applying test to parent corporation and four subsidiaries), *cert. denied,* 439 U.S. 827, 99 S.Ct. 101, 58 L.Ed.2d 121 (1978); *Local No. 627, International Union of Operating Eng'rs v. NLRB,* 518 F.2d 1040, 1045 (D.C.Cir.1975) (applying test to two subsidiary corporations), *aff'd in part, rev'd in part on other grounds sub nom. South Prairie*

---

move for dismissal; rather the district court directed the parties to brief the coverage issue and, treating the defendants' briefs as a Rule 12(b)(1) motion, dismissed the case *sua sponte.* Thus we do not have before us material that the parties would have properly submitted on summary judgment.

4. Leaving the door open allows the possibility that a single legal entity could, under *Radio Technicians,* encompass divisions that are sufficiently independent of one another to warrant being treated as distinct employers within the meaning of the employment discrimination statutes. Such cases are perhaps rare but we see no reason to think they are non-existent.

*Constr. Co. v. Local No. 627, International Union of Operating Eng'rs,* 425 U.S. 800, 96 S.Ct. 1842, 48 L.Ed.2d 382 (1976).[5] Further development of the record is therefore required on remand before the *Radio Technicians* test can be properly applied, if it needs to be applied at all.

\* \* \* \* \* \*

The EEOC's claim arises under the laws of the United States and properly states a claim upon which relief can be granted. We therefore reverse the district court's dismissal under Rule 12(b)(1). Dismissal under Rule 12(b)(6) would be improper on this record. On remand the district court must determine whether the alleged discriminatory action was taken by an "employer" within the meaning of the ADA. Whether the determination can be made at the summary judgment stage or only after a trial on the merits is unknown at this stage. In any event the record must be further developed, particularly on the question whether the Church, the Day Care Center and the School are distinct legal entities, before the court can decide the aggregation question.[6]

*So ordered.*

SENTELLE, Circuit Judge, concurring:

I concur in my colleagues' carefully reasoned opinion but write separately only to express my misgiving about a point of previously established circuit law; that is, that the question of the number of employees goes to sufficiency of a complaint under Rule 12(b)(6) as opposed to jurisdiction, disposable under Rule 12(b)(1). I agree with the majority that *Haddon v. Walters,* 43 F.3d 1488 (D.C.Cir. 1995), impels us to treat this as a Rule 12(b)(6) question rather than a jurisdictional one. Although I served on the panel in *Haddon,* I have become increasingly convinced that *Haddon* was incorrectly decided. Again, as the majority notes, three other circuits have treated the employee numbering requirement drawn from the Title VII provision of 42 U.S.C. § 2000(e) *et seq.* as jurisdictional. *McKenzie v. Davenport–Harris Funeral Home,* 834 F.2d 930, 932–33 (11th Cir.1987); *Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1983); *Dumas v. Town of Mount Vernon Alabama,* 612 F.2d 974, 979–80 (5th Cir.1980). While it is true, as the majority notes, that none of the courts discussed why the question is jurisdictional, I nonetheless believe they have it right. While it is also true, as the majority notes, that "nothing in Title VII (or the ADA) expressly limits the district court's subject matter jurisdiction," Maj. Op. at 624, to me it is more important that nothing in Title VII or the ADA *extends* the district court's jurisdiction to cases not involving the requisite number of employees. The federal courts being courts of limited jurisdiction, I believe that our sister circuits are correct in holding that cases without a sufficient number of employees fall outside.

Beyond that, given the present state of circuit law, I join the majority opinion. I do so with a reservation that some of the language may be confusing both as to precedent and for the district court on remand. The majority states that "If the defendants comprise only one legal entity there *may well* be no need to apply *Radio Technicians* at all." Maj. Op. at 625 (emphasis added). Because I can conceive of no set of facts on which the defendants would not be a single employer if they are merely parts of one legal entity, I am not sure what the majority means by that phraseology. If I were the district court, I might find myself confused as to the scope of my duties on remand. I hope that if the

---

**5.** The cases in which we have applied the *Radio Technicians* test have all involved business corporations. We have found no cases in this circuit or elsewhere applying the test to a religious corporation. Because a religious corporation can possess unique attributes, *see generally* Paul G. Kauper and Stephen C. Ellis, *Religious Corporations and the Law,* 71 Mich. L.Rev. 1499 (1973), it may be the case that even where there are multiple religious entities, aggregation (or non-aggregation) of employees in employment discrimination cases should not be resolved under *Radio Technicians.* Although we express no opinion on the question, we note that the question to be answered by the district court on remand may be *sui generis.*

**6.** If the district court concludes that aggregation is proper, the number of employees should be counted by the method recently adopted by the Supreme Court in *Walters v. Metropolitan Educ. Enterprises, Inc.,* —— U.S. ——, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997).

district court finds a single legal entity, its remand duty will be satisfied without application of a test that appears to me to be designed exclusively for employment cases involving multiple entities. Were I sitting as the trial judge, I would consider that my proper task on remand. I also wonder what effect the open-textured language will have on circuit precedent as to the circumstances in which *Radio Technicians* applies.