**Christopher SANDERS and Harry T. Hill, Plaintiffs,**

v.

**DISTRICT OF COLUMBIA, Marion Barry, Jr., Larry Soulsby, and Lowell Duckett, Defendants.**

No. Civ.A. 97–2938 SSH.

United States District Court, District of Columbia.

Aug. 10, 1998.

Michael Gerard Kane, Cashdan & Golden, Washington, DC, for plaintiffs.

Lisa Annette Bell, Office of Corporation Counsel, Washington, DC, for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are the District of Columbia's motion to dismiss; Marion Barry, Jr.'s, and Larry Soulsby's motion to dismiss; plaintiffs' responses; and the District's and Barry's and Soulsby's replies.[1] A motion to dismiss should not be granted "unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint is construed liberally in plaintiffs' favor, and they are given the benefit of all favorable inferences that can be derived from the facts alleged. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.Cir.1997). Upon consideration of the parties' pleadings and the complaint, the Court grants the District's motion with respect to Count II of the complaint but denies it with respect to Count I. The Court also denies Barry's and Soulsby's motion. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a); *see also Summers v. Department of Justice*, 140 F.3d 1077, 1079–80 (D.C.Cir. 1998). Nonetheless, the Court sets forth its reasoning.

## BACKGROUND

Plaintiffs Christopher Sanders and Harry Thomas Hill are employed by the District of Columbia's Metropolitan Police Department ("MPD"). In November 1996, the MPD created the Special Emphasis Unit ("SEU") under the direction of defendant Lieutenant Lowell Duckett. Plaintiffs were selected to supervise the officers in the SEU. Plaintiffs allege that they were instructed by Duckett to include Detective Ulysses Walltower, a friend of defendant Barry, on the daily duty roster. Plaintiffs objected to this instruction because they had never observed Detective Walltower performing any work, had never spoken to him, and were never aware of his whereabouts. Plaintiffs allege that MPD regulations require that a supervisor talk to a subordinate or have knowledge of his whereabouts before placing his name on the daily duty roster.

Plaintiffs claim that, because of their refusal to include Detective Walltower on the duty roster, Duckett retaliated against them by writing memoranda requesting that they be transferred out of the SEU because they "need[ed] direct supervision"; transferring Hill to the Boys and Girls Club; physically threatening Sanders and forcing him to request a transfer to foot patrol duty; and publicly stating that plaintiffs' objections were racially motivated. Plaintiffs further allege that both Barry, the Mayor of the District of Columbia, and Soulsby, then-Chief of the MPD, were aware of Duckett's retaliation but did not instruct him to stop. Plaintiffs filed the instant action alleging violations of 42 U.S.C. § 1983 against all defendants and common law defamation against the District and Duckett.

## ANALYSIS

### I. *Count I—Section 1983*

#### A. Plaintiffs' Complaint States a Claim of First Amendment Retaliation

Plaintiffs claim that defendants violated their First Amendment rights by retaliating against them after they objected to placing Detective Walltower on the duty roster. *See* Compl. ¶¶ 42–56. According to the Supreme Court, a government employee's speech is protected only if it is "on a matter of public

---

1. Barry's and Soulsby's motion to dismiss incorporates by reference the arguments raised by the District of Columbia in its motion to dismiss.

Defendant Lowell Duckett filed an answer to the complaint on June 24, 1998, in lieu of a motion to dismiss.

concern, and the employee's interest in expressing [him]self on th[e] matter ... [is] not ... outweighed by any injury the speech could cause to the interest of the state as an employer in promoting the efficiency of public services it performs through its employees." *Waters v. Churchill,* 511 U.S. 661, 668, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994) (internal quotation omitted), *see also O'Donnell v. Barry,* 148 F.3d 1126, 1132 (D.C.Cir.1998).

■ The District, Barry, and Soulsby first argue that plaintiffs fail to state a claim under § 1983 because their speech did not address a matter of public concern. The Court disagrees; plaintiffs' objections to orders to carry Detective Walltower on the daily duty roster (thus entitling him to pay) although they had never observed him working—a clear misuse of public funds, if true— qualifies as speech on a matter of public concern. *See O'Donnell,* 148 F.3d at 1133 (letter by police officer discussing questionable transfer of another officer was matter of public concern); *Fox v. District of Columbia,* 83 F.3d 1491, 1494 (D.C.Cir.1996) (report of theft of funds from D.C. Lottery is matter of public concern); *Wulf v. City of Wichita,* 883 F.2d 842 (10th Cir.1989) (letter alleging misappropriation of public funds by police chief is matter of public concern) (cited with approval in *Fox,* 83 F.3d at 1494). Although the Supreme Court has held that simple "employee grievances" are not matters of public concern, *see, e.g., Connick v. Myers,* 461 U.S. 138, 147–48, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Murray v. Gardner,* 741 F.2d 434, 438 (D.C.Cir.1984), *cert.denied,* 470 U.S. 1050, 105 S.Ct. 1748, 84 L.Ed.2d 813 (1985), plaintiffs' allegations do not fall within this category. *See O'Donnell,* 148 F.3d at 1134; *Tao v. Freeh,* 27 F.3d 635, 639–40 (D.C.Cir. 1994). Plaintiffs' objections do not appear to have been motivated by an unfavorable personnel decision or a personal grievance. *Cf. Connick,* 461 U.S. at 147–48, 103 S.Ct. 1684 (questionnaire concerning office transfer policy not matter of public concern when plaintiff distributed it after being informed that she was going to be transferred); *Murray,* 741 F.2d at 438–439 (employee's criticism of furlough plan not matter of public concern when motivated by self-interest in outcome). Nor does the context of plaintiffs' objections indicate a personal vendetta. *See Fox,* 83 F.3d at 1495 (indicating speech which does not contain "trumped-up, scattershot claims of misbehavior" does not lose its First Amendment protection as an "employee grievance" under *Connick* ).

■ The District, Barry, and Soulsby next contend that even if plaintiffs' speech was on a matter of public concern, they still have not stated a § 1983 claim because their interest in speech is outweighed by the District's interest "in promoting the efficiency of the public services it performs through its employees." *Waters,* 511 U.S. at 668, 114 S.Ct. 1878. Relevant factors in the balancing test include the public interest in the speech; whether the speech impaired discipline by superiors, harmony among coworkers, or the performance of the speaker's duties; whether the speech had a detrimental impact on close working relationships for which personal loyalty and confidence are necessary; and the time, place, and manner of the speech. *See Rankin v. McPherson,* 483 U.S. 378, 388, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987); *Connick,* 461 U.S. at 151–154, 103 S.Ct. 1684; *O'Donnell,* 148 F.3d at 1135; *Tao,* 27 F.3d at 641 n. 5. "[B]ecause of the special degree of trust and discipline required in a police force there may be a stronger governmental interest in regulating the speech of police officers than in regulating the speech of other governmental employees." *O'Donnell,* 148 F.3d at 1135; *see also Shands v. Kennett,* 993 F.2d 1337, 1344 (8th Cir.1993), *cert.denied,* 510 U.S. 1072, 114 S.Ct. 880, 127 L.Ed.2d 75 (1994); *Maciariello v. Sumner,* 973 F.2d 295, 300 (4th Cir.1992), *cert. denied,* 506 U.S. 1080, 113 S.Ct. 1048, 122 L.Ed.2d 356 (1993). However, contrary to defendants' suggestion, "the right to regulate an officer's speech is not absolute." *O'Donnell,* 148 F.3d at 1135 (citing *Biggs v. Village of Dupo,* 892 F.2d 1298, 1303 (7th Cir.1990)).

■ The Court concludes that defendants have not even approached the showing required to overcome plaintiffs' interest in free speech. Defendants have not explained how the MPD's ability to maintain order and discipline within its ranks was affected adversely by plaintiffs' refusal to include a "ghost"

**14**

employee on the duty roster—a practice which, according to the complaint, is in direct violation of MPD policy. *See* Compl. ¶ 15. Although defendants argue that courts consistently find that the police department's need to maintain order and discipline outweighs an employee's First Amendment rights, the cases cited all involve situations in which the plaintiff's expression was motivated by self-interest or consisted, at least in part, of an unauthorized investigation. *Compare Maciariello,* 973 F.2d at 300 (discussing the police department's interest in discouraging unauthorized internal investigations), *and Breuer v. Hart,* 909 F.2d 1035, 1040-41 (7th Cir.1990) (noting that plaintiff's allegations were motivated by self-interest and that his unauthorized internal investigation caused dissension in the department), *and McMurphy v. City of Flushing,* 802 F.2d 191, 198 (6th Cir.1986) (deciding balancing test in favor of police department because plaintiff conducted unauthorized investigations rather than utilizing normal grievance procedures to communicate his concerns), *with Cooper v. Smith,* 855 F.Supp. 1276, 1282 (S.D.Ga.1994) (holding that when the only disruptive element of a deputy sheriff's speech was the content of the speech, and there is no serious challenge to the truth of the statements, then the interest of the sheriff's department does not outweigh deputy's First Amendment rights), *aff'd,* 89 F.3d 761 (11th Cir.1996). Therefore, the Court denies defendants' motion to dismiss plaintiffs' § 1983 claim on this ground.

### B. Plaintiffs Have Alleged Sufficient Facts To Hold the District of Columbia Liable Under § 1983

■ The District also contends that plaintiffs have failed to state a claim against it because there is no respondeat superior liability under § 1983. A municipality may be held liable for the civil rights violations of its employees if the wrongdoer was acting in accordance with "a government[ ] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be

said to represent official policy." *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Pembaur v. City of Cincinnati,* 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality). Plaintiffs' complaint contains sufficient allegations to meet this standard. *See* Compl. ¶¶ 48-54.

### C. Defendants Barry and Soulsby Are Not Entitled to Absolute Immunity

■ Defendants Barry and Soulsby contend that plaintiffs' § 1983 claims against them should be dismissed because their conduct was protected by absolute immunity. The Court rejects this suggestion. The Supreme Court has made it clear that absolute immunity from § 1983 claims is limited to "officials whose special functions or constitutional status requires complete protection from suit," *e.g.* legislators, judges, and the President of the United States. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Buckley v. Fitzsimmons,* 509 U.S. 259, 267-69, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). In general "[s]tate executive officials are not entitled to absolute immunity for their official actions." *Hafer v. Melo,* 502 U.S. 21, 29, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *see also Harlow,* 457 U.S. at 807, 102 S.Ct. 2727 ("For executive officials in general ... our cases make it plain that qualified immunity represents the norm."); *Scheuer v. Rhodes,* 416 U.S. 232, 243, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). "Like federal officers, state officers who 'seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope.'" *Malley v. Briggs,* 475 U.S. 335, 340, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (quoting *Butz v. Economou,* 438 U.S. 478, 506, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978)); *see also Harlow,* 457 U.S. at 808, 102 S.Ct. 2727. In their motion, neither Barry nor Soulsby attempted to explain how giving them absolute immunity would be to the public's advantage.[2]

2. As plaintiffs point out, the cases cited by Barry and Soulsby in their motion are irrelevant to the question at issue because they deal with whether government employees may be absolutely im-

mune from common law tort liability. *See Butz,* 438 U.S. at 494-500, 98 S.Ct. 2894 (noting that *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), on which defendants rely,

### D. Plaintiffs Have Alleged Sufficient Facts To Survive a Motion To Dismiss on Qualified Immunity Grounds

Defendants Barry and Soulsby also contend that plaintiffs' case should be dismissed because they are protected by qualified immunity. Government officials are protected by qualified immunity when they perform discretionary functions and "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. 2727. Barry and Soulsby argue that plaintiffs' speech was not protected and hence no constitutional right was violated or, in the alternative, that even if plaintiffs' speech was protected, their right to speak was not a "clearly established" constitutional right of which a reasonable person would have known. *See id.* The Court disagrees. As previously discussed, the facts pled by plaintiffs, if true, establish a clear First Amendment violation. Moreover, the Court cannot say, as a matter of law, that defendants Barry and Soulsby reasonably could not have been aware that Duckett's retaliation against plaintiffs (and Barry and Soulsby's failure to respond to plaintiffs' complaints on the matter) violated plaintiffs' First Amendment rights. *See Haynesworth v. Miller*, 820 F.2d 1245, 1262 (D.C.Cir.1987). Accordingly, Barry and Soulsby's motion to dismiss on qualified immunity grounds is denied.

### H. *Count II—Defamation*

The District submits that plaintiffs' defamation claim should be dismissed because plaintiffs failed to exhaust their administrative remedies under the Comprehensive Merit Personnel Act ("CMPA"). Plaintiffs' defamation claim is based on two statements by Duckett: (1) in the memoranda requesting that plaintiffs be transferred out of the SEU, Duckett wrote that plaintiffs "need direct supervision, which would best come from uniform patrol duties"; and (2) in response to a suggestion that plaintiffs were transferred out of the SEU for retaliatory reasons, Duckett told newspapers that plaintiffs' objections were racially motivated and that they were disgruntled employees seeking revenge for performance-related transfers. *See* Compl. ¶¶ 19 & 37.

The Court agrees with the District that these allegedly defamatory remarks arose out of Duckett's handling of plaintiffs' transfers out of the SEU and, therefore, the CMPA's remedies are exclusive. *See District of Columbia v. Thompson*, 593 A.2d 621 (D.C.), *cert. denied*, 502 U.S. 942, 112 S.Ct. 380, 116 L.Ed.2d 331 (1991). Duckett's first statement clearly falls within the scope of the CMPA, because the statement was included in memoranda requesting plaintiffs' reassignment. *See id.* Moreover, the D.C. Court of Appeals has held that a supervisor's explanation of his handling of adverse employment actions, even if made outside the formal process, falls within the scope of the CMPA because the explanation relates to a "personnel issue." *See Stockard v. Moss*, 706 A.2d 561, 565 (D.C.1997) (holding that a supervisor's explanation to basketball team that their coach's contract had not been renewed because of her "misappropriation of funds" falls under the CMPA). Accordingly, it hereby is

ORDERED, that the District of Columbia's motion to dismiss is granted in part and denied in part. It hereby further is

ORDERED, that plaintiffs' defamation claim against the District of Columbia is dismissed. It hereby further is

ORDERED, that Marion Barry, Jr.'s, and Larry Soulsby's motion to dismiss is denied.

SO ORDERED.

---

dealt with the extension of immunity with respect to state tort claims and "did not purport to protect an official who has not only committed a wrong under local law, but also violated those fundamental principles of fairness embodied in the Constitution"); *Martin v. D.C. Metropolitan Police Dep't*, 812 F.2d 1425, 1431 (D.C.Cir.1987) (noting the difference between the immunity standards applying to common law and constitutional torts). There are no common law claims against Barry or Soulsby.