**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**ST. FRANCIS XAVIER PAROCHIAL SCHOOL and St. Francis Xavier Church, Defendants.**

**No. Civ.A. 94–314 SSH.**

United States District Court, District of Columbia.

Sept. 14, 1998.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are plaintiff's motion for reconsideration, plaintiff's supplemental brief in support of its motion for reconsideration, and defendants' opposition. Upon consideration of the relevant law and the entire record, the Court grants plaintiff's motion for reconsideration. The Court also revisits plaintiff's motion for partial summary judgment and defendants' motion for summary judgment, and concludes that further briefing is required before the Court can decide those motions.[1]

This case was brought by the Equal Employment Opportunity Commission ("EEOC") in 1994. The EEOC alleges that the St. Francis Xavier Parochial School ("the School") and the St. Francis Xavier Church ("the Church") violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"), by refusing to interview Roberta Stein for the Music Teacher position at the School in 1992. (Stein has multiple sclerosis and uses a wheelchair.) The EEOC further claims that defendants failed to hire Stein because of her disability.

On June 4, 1996, the Court dismissed plaintiff's claims for lack of subject matter jurisdiction. The Court of Appeals reversed, holding that whether defendants had enough employees to be covered by the ADA was not a jurisdictional question. *EEOC v. St. Francis Xavier Parochial School,* 117 F.3d 621, 623–24 (D.C.Cir.1997). With respect to the scope of remand, the Court of Appeals noted:

> From the pleadings we cannot even determine whether the School, the Church and the [St. Francis Xavier] Day Care Center are distinct legal entities capable of being sued in their own names .... the record must be further developed, particularly on the question whether the Church, the Day Care Center and the School are distinct legal entities, before the court can decide the aggregation question.

*Id.* at 625–26.

The parties subsequently engaged in further discovery and filed dispositive motions

Diane Bradley (trial attorney), Arlene T. Shadoan, Tracy Hudson Spicer, EEOC, Baltimore, MD, for Plaintiff.

Anthony P. Interdonato, James T. Reilly, Interdonato, Reilly & Comstock, Washington, DC, for Defendants.

---

1. The Court also denies defendants' pending motion for attorney's fees as moot in light of the Court's decision to grant plaintiff's motion for rehearing.

on the issue of whether defendants meet the definition of an employer under the ADA. On August 5, 1998, the Court granted defendants' motion for summary judgment on the ground that plaintiff had not presented sufficient evidence to establish that, even were the three St. Francis Xavier entities to be aggregated, defendants employed "25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year."[2] *See* 42 U.S.C. § 12111(5)(A).

■ In its motion for reconsideration, plaintiff contends that the Court erred in not counting employees who worked less than 20 weeks towards the 25–employee requirement. The Court agrees it was mistaken in its initial interpretation of the ADA's 25–employee requirement. The relevant inquiry is whether the alleged employer had an employment relationship with 25 or more employees for at least 20 weeks—an employee does not have to have worked for 20 weeks in order to be counted. The Court further concludes that, viewed in the light most favorable to plaintiff, plaintiff's evidence is sufficient (though barely) to survive a motion for summary judgment on the issue of whether the three entities employed 25 employees for at least 20 weeks in 1992.[3]

■ Accordingly, the Court turns to the issue of whether the Church, the School, and the Day Care Center constitute a "single employer," in which case their employees should be aggregated to meet the 25–employee requirement. Neither defendants, nor the Day Care Center, nor even the St. Francis Xavier Parish ("the Parish") are separately incorporated. *See* Deposition of Rev. David Bava 10:15 – 10:19. Rather, each entity appears to be a part of the Archdiocese of Washington, which is organized as a corporation sole. *See id.* at 6:1 – 11:10. The Archdiocese owns all of the Parish's property, including the church, the school, and the day care center buildings. *See id.* at 5:21 – 9:8. Accordingly, the evidence currently on the record suggests that the Church, the School, and the Day Care Center are "divisions" of a corporation, the Archdiocese of Washington.[4] *See generally F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago,* 754 F.2d 216, 220–21 (7th Cir.1985) (holding that, under Illinois law, individual parishes "are not legal entities separate and independent from the Catholic Bishop [a corporation sole], but are subsumed under the Catholic Bishop"), *cert. denied,* 474 U.S. 824, 106 S.Ct. 79, 88 L.Ed.2d 64 (1985). If this turns out to be the case, the Court would conclude that the employees of the Church, the School, and the Day Care Center should be aggregated. *See St. Francis Xavier,* 117 F.3d at 626–27 (Sentelle, J., concurring).

The parties' discussion of the legal status of the parties is, however, limited. Moreover, the aforementioned evidence raises an additional issue which neither party adequately addresses (although defendants ap-

2. Because the alleged discriminatory acts took place within two years of the effective date of the ADA, the threshold number of employees in this case is 25, rather than the normal 15.

3. Although plaintiff submitted no evidence establishing that each of the positions listed in defendants' answer to plaintiff's fourth interrogatory was filled for at least 20 weeks in 1992, the Court is willing to assume that 16 of the positions listed for the school faculty were filled for at least 20 weeks of 1992 (excluding the Music Teacher, PE/Health Teacher, and Kindergarten and First Grade Aide positions, which were only listed as existing for one of the two semesters of the year). The Court is further willing to assume that the St. Francis Xavier Parish's four positions, the Day Care Director position, the Day Care Cook position, and at least one Day Care Teacher, one Day Care Aide, and one Day Care Secretary position was filled for at least 20 weeks in 1992.

Thus, the Court concludes that plaintiff has proffered evidence from which a reasonable jury could conclude that if aggregation is appropriate, the three entities jointly employed at least 25 employees for at least 20 weeks in 1992.

4. The following excerpt from the Bava Deposition supports this conclusion:

Q: So, is each parish looked at as a separate entity?
A: By whom?
Q: By the Archdiocese?
A: Archdiocese of Washington sees it as a separate entity in terms of membership, staffing, facility of the plant, membership, programs, but it is part of the corporation in terms of auditing purposes, financial reports, policies and procedures, personnel directives both for the church staffing as well as schools and other institutions.
Bava Dep. 6:16 – 7:6.

peared to raise it, in a limited sense, in their response to plaintiff's motion for partial summary judgment). If the Church and the School are unincorporated divisions of a larger corporation sole (the Archdiocese of Washington), they probably are not proper defendants; case law indicates that unincorporated divisions of a corporation lack the capacity to sue or be sued.[5] *See, e.g., United States v. ITT Blackburn Co., a Division of ITT*, 824 F.2d 628, 631 (8th Cir.1987) ("[B]oth parties appear to concede that an unincorporated division cannot be sued or indicted, as it is not a legal entity. We accept this as valid.") (citing cases); *Griffith v. Keystone Steel and Wire, a Division of Keystone Consol. Indus., Inc.*, 887 F.Supp. 1133, 1138 (C.D.Ill.1995) ("An unincorporated division . . . is not suable in its own right because a division has no separate assets; all of its assets are owned by the corporation of which it is a part."); *United States v. BCCI Holdings (Luxembourg), S.A.*, 833 F.Supp. 32, 38–9 (D.D.C.1993) (discussing cases holding that "unincorporated divisions of a parent corporation cannot be indicted or sued"), *aff'd*, 46 F.3d 1185 (D.C.Cir.1995), *cert. denied*, 515 U.S. 1160, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995); *see generally* Fed.R.Civ.P. 17; *F.E.L.*, 754 F.2d at 221 (stating that, under Illinois law, individual parishes that are not separately incorporated but are part of the Archdiocese corporation "have no individual capacity to sue or be sued"); *Albers v. Church of the Nazarene*, 698 F.2d 852, 857 (7th Cir.1983) (discussing why divisions of corporations are not viable defendants). If the Church and the School were to be dismissed as defendants on this ground, it appears that no defendant would be left in the case. *Cf. ITT Blackburn*, 824 F.2d at 630–33 (indicating that an indictment naming an unincorporated division of a corporation does not serve to indict the corporation as well); *In re Convertible Rowing Exerciser Patent Litigation*, 817 F.Supp. 434 (D.Del.1993).

Because the parties have not adequately focused on the importance of the legal relationship between the Church, the School, the Parish, and the Archdiocese of Washington, however, the Court does not make a final determination on defendants' legal status or its effect on the viability of the case against them at this time. Rather, the Court requests that the parties file supplemental memoranda focusing exclusively on defendants' legal status, particularly with respect to the Archdiocese of Washington, and the effect, if any, of defendants' legal status on their amenability to suit in the District of Columbia and the viability of this case.[6] Accordingly, it hereby is

ORDERED, that plaintiff's motion for reconsideration is granted. It hereby further is

ORDERED, that the Opinion and Order dated August 5, 1998, are vacated. It hereby further is

ORDERED, that defendants' motion for attorney's fees and costs is denied as moot. It hereby further is

ORDERED, that the Court defers consideration of plaintiff's motion for partial summary judgment and defendants' motion for summary judgment pending further submissions from the parties. It hereby further is

ORDERED, that within 30 days of the date of this Memorandum Order, the parties shall file supplemental memoranda addressing the issues identified here. It hereby further is

ORDERED, that responses thereto shall be filed within 45 days of the date of this Memorandum Order.

SO ORDERED.

**5.** Plaintiff argues that "St. Francis Xavier parish operates as an independent entity and can be sued in that capacity," EEOC Reply Brief, at 6, but cites no facts or law to support that conclusion. Moreover, the Court notes that plaintiff did not sue the Parish.

**6.** The Court also defers consideration of that portion of defendants' motion for summary judgment arguing that defendants are exempt by implication from Title I of the ADA until it has received the supplemental memoranda.