**PUBLIC UTILITY DISTRICT NO. 1 OF SNOHOMISH COUNTY, WASHINGTON, Plaintiff,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, et al., Defendants.**

**No. CIV.A.03–1134(RBW).**

United States District Court, District of Columbia.

April 27, 2004.

---

Jay P. Holland, Joseph, Greenwald & Laake, Greenbelt, MD, for Plaintiff.

Beth Guralnick Pacella, Larry Dale Gasteiger, Federal Energy Regulatory Commission, Washington, DC, for Defendants.

### MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court on the defendant's Motion to Dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Defs.' Mot."). The plaintiff's complaint asserts that the defendants violated the Sunshine Act, 5 U.S.C. § 552b (2000), when two commissioners of the Federal Energy Regulatory Commission ("FERC" or "Commission") participated in a March 26, 2003 private telephone conference in which energy contracts that were the subject of abrogation cases before the Commission were discussed with approximately twenty representatives of the energy market, financial institutions, investment houses, and investor rating services, including Morgan Stanley Capital Group, Inc. ("Morgan Stanley") which was a party to the complaint filed by the plaintiff before the FERC. The plaintiff filed a motion with the FERC requesting that these two commissioners recuse themselves from further consideration of the cases discussed during the private telephone conference. Following the denial of this request, the plaintiff's initiated the instant lawsuit, asserting that this private telephone conference violated the Sunshine Act. On June 30, 2003, this Court issued a Memorandum Opinion and Order denying a motion filed by the plaintiff seeking temporary and preliminary injunctive relief in the form of an order requiring that these two commissioners recuse themselves from further consideration of the cases before the FERC discussed during the private telephone conference. See Pub. Util. Dist. No. 1 of Snohomish County v. FERC, 270 F.Supp.2d 1 (D.D.C.2003) (Walton, J.). The Court concluded that it lacked subject matter jurisdiction to review the FERC's order denying the request for recusal of the two commissioners because 16 U.S.C. § 825l(b) vests the United States Courts of Appeals with exclusive jurisdiction to review orders issued by the FERC. Id. at

4–6. The defendants now seek dismissal of the plaintiff's complaint based, among other assertions, on the fact that following the Court's denial of injunctive relief, the plaintiff filed a supplemental rehearing request with the FERC of its recusal order that raised the same Sunshine Act violations alleged in this case that was denied by the FERC and is now pending before the Ninth Circuit. Defs.' Mot., Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defs.' Mem.") at 12. The defendants assert that simultaneous review by this Court and a United States Court of Appeals of the same Sunshine Act claim would violate 16 U.S.C. § 825*l*(b). Upon consideration of the parties' submissions and for the reasons set forth below, the Court will grant the defendants' motion and dismiss this case.

## I. *Standard of Review: Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) requires that the plaintiff bear the burden of establishing by a preponderance of the evidence that the Court has jurisdiction to entertain his claims. Fed.R.Civ.P. 12(b)(1); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F.Supp.2d 15, 18 (D.D.C.1998). While the Court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the " 'plaintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police*, 185 F.Supp.2d at 13–14 (citation omitted). Finally, the Court notes that in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 n. 3 (D.C.Cir.1997); *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C.Cir.1987); *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir. 1986); *Grand Lodge of Fraternal Order of Police*, 185 F.Supp.2d at 14.

## II. *Factual Background*

On March 26, 2003, the three commissioners who composed the FERC at that time held an open meeting in which its Final Report on Price Manipulation in Western Markets was discussed, along with several contract abrogation cases that were pending before the Commission. *Public Utility*, 270 F.Supp.2d at 2. Following this meeting and a subsequent press conference, two of the commissioners are alleged to have participated in a private telephone conference in which the energy contracts that were the subject of the abrogation cases pending before the Commission were discussed with, among others, a representative of Morgan Stanley. *Id.* Such conduct is cause for concern because Morgan Stanley was the subject of the complaint filed by the plaintiff seeking abrogation of their energy contract. *Id.* The plaintiff asserts that this private telephone conference constituted a "meeting" pursuant to 5 U.S.C. § 552b(a)(2) and thus a violation of 5 U.S.C. § 552b(b), which requires "every portion of every meeting of an agency [to] be open to public obser-

vation." The plaintiff brought its concern to the FERC on April 21, 2003, when it filed a motion for recusal with the FERC. *Public Utility,* 270 F.Supp.2d at 3. Two days later, the FERC denied this request, but granted a request for disclosure of the transcript of the press conference and a summary of the telephonic conference. *Id.* Following this denial, the plaintiff filed a petition on May 23, 2003 with the FERC for a rehearing of the April 23, 2003 Order. *Id.* Then, on May 27, 2003, the plaintiff filed the complaint in this case asserting several violations of the Sunshine Act, all related to the aforementioned private telephone conference. And, on July 28, 2003, with the petition for a rehearing still pending before the FERC on the recusal issue, the plaintiff filed a supplemental request with the FERC alleging that the private telephone conference violated the Sunshine Act and attached and incorporated by reference a copy of the complaint filed in this Court. Defs.' Mem. at 7.

Following the Court's denial of the plaintiff's request for injunctive relief to prevent the two commissioners who participated in the private telephone conference from further consideration of the case, the FERC issued its final order on June 26, 2003, upholding the energy contracts. Reply in Support of Motion to Dismiss ("Reply") at 2 n. 2. The plaintiff immediately sought judicial review of the FERC's June 26, 2003 Order in the United States Court of Appeals for the Ninth Circuit. *See Pub. Util. Dist. No. 1 of Snohomish County v. FERC,* No. 03–72511 (9th Cir.2003). While judicial review in the Ninth Circuit is still pending on the FERC's June 26, 2003 Order, two additional events have occurred that are both noteworthy. First, on November 10, 2003, the FERC issued an Order on Requests for Rehearing denying the plaintiff's May 23, 2003 and July 28, 2003 requests for a rehearing. *See* Nov. 13, 2003 Status Report [# 24]. The

FERC found that there was no violation of the Sunshine Act because there was not a "meeting of the agency" as defined by 5 U.S.C. § 552b(a)(2). *Id.* Then, on November 19, 2003, the plaintiff filed a petition for review of the FERC's November 10, 2003 Order in the Ninth Circuit. *See* Nov. 19, 2003 Status Report [# 26] (citing *Pub. Util. Dist. No. 1 of Snohomish County v. FERC,* No. 03–74208 (9th Cir.2003)). Thus, the Ninth Circuit is currently reviewing the FERC's denials of the requests for a rehearing based upon not only the recusal issue, but also on the issue of whether the Sunshine Act was violated.

### III. *Legal Analysis*

"Section 825*l*(b) of Title 16 [of the United States Code] provides that '[a]ny party to a proceeding under this chapter[, *i.e.,* Federal Regulation and Development of Power,] aggrieved by an order issued by the Commission[, *i.e.,* the FERC] in such proceeding may obtain a review of such order in the United States Court of Appeals for any circuit . . . ." *Public Utility,* 270 F.Supp.2d at 4 (quoting 16 U.S.C. § 825*l*(b)). In *City of Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958), the Supreme Court stated that:

> [t]his statute [16 U.S.C. § 825*l*] is written in simple words of plain meaning and leaves no room to doubt the congressional purpose and intent. It can hardly be doubted that Congress, acting within its constitutional powers, may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be had. So acting, Congress in [16 U.S.C. § 825*l*] prescribed the specific, complete and exclusive mode for judicial review of the Commission's orders.

*Id.* at 335–36, 78 S.Ct. 1209 (citations omitted). The plaintiff comes before this

Court seeking judicial review of whether the May 26, 2003 private telephone conference violated the Sunshine Act at the same time it has sought administrative review of this same issue before the FERC and now judicial review by the Ninth Circuit. As this Court stated in its June 30, 2003 Memorandum Opinion,

> [t]he Supreme Court's opinion in *City of Tacoma* made clear that 'judicial review of the Commission's *order*, [and] all objections to the order . . . must be made in the Court of Appeals or not at all. For Congress, acting within its powers, has declared that the Court of Appeals shall have 'exclusive jurisdiction' to review such orders . . . .'

*Public Utility*, 270 F.Supp.2d at 5 (quoting *City of Tacoma*, 357 U.S. at 336, 78 S.Ct. 1209 (emphasis added)). And while the plaintiff in this case attempts to avoid this jurisdictional limitation by not challenging the FERC's orders directly, but simply asserting that there was a Sunshine Act violation, because this claim has been presented to and considered by the FERC, the Court concludes that the plaintiff may seek judicial review of this claim only in the Courts of Appeals. In *Municipal Electric Utilities Association of New York State v. Conable*, 577 F.Supp. 158 (D.D.C. 1983), the plaintiff filed a complaint with the FERC challenging a notice of proposed action by the Power Authority of the State of New York ("PASNY"). *Id.* at 160. After being denied the relief that it sought, the plaintiff filed a petition for a rehearing asserting that PASNY initiated *ex parte* communications with members of the FERC. *Id.* After expressly considering the plaintiff's *ex parte* claim, the FERC denied the plaintiff's rehearing request and the plaintiff appealed to the District of Columbia Circuit. *Id.* at 161. However, while the appeal of the FERC's order was pending, the plaintiff also sought judicial review by a district court in this district

concerning whether these purported *ex parte* contacts violated the Administrative Procedure Act. *Id.* at 161–62. Citing the Supreme Court's decision in *City of Tacoma*, the district court noted that "[a]ll allegations of *ex parte* communications and their purported effect have been presented to and considered by the agency" and that "[p]laintiff's claims will receive yet another review by an appellate court who will, if persuaded, direct the agency to correct any tainted or improper decisions, to ensure the integrity of its processes and to hold further independent fact-finding inquiry as it deems necessary." *Id.* at 163 (citations omitted). The district court found that it lacked subject-matter jurisdiction because of the "presumption against concurrent jurisdiction of a case in the Court of Appeals and the District Court." *Id.* (citing *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C.Cir.1979); *Sun Enterprises v. Train*, 532 F.2d 280 (2d Cir.1976)). The district court observed that "[t]he plaintiffs have failed to demonstrate that a review of the *ex parte* contacts and FERC's compliance with its regulations concerning those communications, which is available to them in the Court of Appeals, is inadequate to afford them precisely the relief they seek in this Court." *Id.* (citations omitted).

Likewise, this Court finds that it lacks the subject-matter jurisdiction to entertain the plaintiff's complaint. As this Court stated above, the plaintiff seeks simultaneous judicial review by the Ninth Circuit and this Court regarding whether the May 26, 2003 private telephone conference violated the Sunshine Act. This is impermissible because 16 U.S.C. § 825*l*(b) provides that the exclusive method for challenging a final decision by the FERC lies in the Courts of Appeals and there is a presumption against a circuit court and a district

court exercising concurrent jurisdiction over a pending matter.

### IV. *Conclusion*

For the reasons set forth above, this Court finds that it must dismiss the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

---

1. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.