# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **MARY ANNE CAMPO and JOHN CAMPO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-cv-00871 (APM)** |
| | ) | |
| **UNITED STATES NATIONAL ARCHIVES** | ) | |
| **AND RECORDS ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

Defendant U.S. National Archives and Records Administration ("NARA") moves to dismiss Plaintiffs Mary Anne Campo and John Campo's Complaint for failure to state a claim. *See* Def.'s Rule 12(b)(6) Mot. to Dismiss Pls.' Compl., ECF No. 5 [hereinafter Def.'s Mot.]. For the reasons stated below, Defendant's Motion is denied.

A Freedom of Information Act ("FOIA") "plaintiff states a claim where it properly alleges that an agency has (1) improperly (2) withheld (3) agency records." *Campaign for Accountability v. U.S. Dep't of Just.*, 486 F. Supp. 3d 424, 430 (D.D.C. 2020). NARA contends that the Campos' Complaint fails to state a claim because NARA "does not have legal custody of any records that may be responsive to Plaintiffs' request." Def.'s Mot., Def.'s Mem. of Points and Auths., ECF No. 5-1 [hereinafter Def.'s Mem.], at 6 (including no legal custody of the Deepwater Horizon records). In other words, NARA maintains that Plaintiff fails to allege nondisclosure of "agency records."

The problem with NARA's argument is that it rests on a factual assertion that the court cannot consider at this stage. In ruling on a motion to dismiss, the court "may consider only the

facts alleged in the complaint, [and] any documents either attached to or incorporated in the complaint." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). It also may consider "matters of which . . . judicial notice" may be taken, *id.,* such as public records, *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); *see also Khodorkovskaya v. Gay*, 5 F.4th 80, 84 (D.C. Cir. 2021) ("[A] court can consider the allegations in the complaint together with any materials properly brought before the court as attachments."). According to NARA, "[l]egal custody of records passes from the [originating] agency to NARA when the appropriate NARA official signs [a form] SF 258 acknowledging receipt of the records," but no NARA official signed an SF 258 acknowledging receipt of records responsive to the Campos' FOIA request. Def.'s Mem. at 6 (quoting 36 C.F.R. § 1235.22). But the absence of an SF 258 signature is an assertion of fact that is not contained in the Complaint or any document referenced or attached to the Complaint; nor is it a judicially noticeable fact. The court therefore cannot consider it on a motion to dismiss.

In evaluating a Rule 12(b)(6) motion, the court must accept a plaintiff's factual allegations as true and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The Campos' Complaint alleges that NARA failed to produce "all non-exempt records responsive to [the Campos'] FOIA requests." Pls.' Compl., ECF No. 1, ¶ 1. Specifically, the Campos allege that NARA received "28 terabytes of imaged records from the Deepwater Horizon oil spill and response" that would be responsive to their FOIA request. Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 6, Decl. of Kalyn J. Doss, ECF No. 6-2, ¶ 16. Viewing these allegations in the light most favorable to them, the Campos have alleged they were denied agency records held by NARA.

For the foregoing reasons, Defendant's Motion to Dismiss is denied.  The parties shall appear for a remote status conference on September 30, 2021, at 9:30 a.m.

Dated:  September 24, 2021

Amit P. Mehta
United States District Judge