**BANNUM, INC., Plaintiff,**

v.

**Kathleen H. SAWYER, Director, Federal Bureau of Prisons, et al., Defendants.**

**No. CIV.A. 02–750(RBW).**

United States District Court, District of Columbia.

Feb. 7, 2003.

---

**4.** An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

*MEMORANDUM OPINION*

WALTON, District Judge.

This matter comes before the Court upon the defendants' motion to dismiss the plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff seeks to enjoin the defendants from pursuing an investigation into the wages and benefits it paid its employees. The defendants assert that the complaint should be dismissed because: (1) the Court lacks jurisdiction, because there is no final agency action when an agency decides to initiate an investigation; (2) the plaintiff has failed to state a claim upon which relief can be granted, as the defendants have both the statutory and contractual right to investigate the plaintiff's actions; and (3) the Bureau of Prisons is not a proper defendant. Upon consideration of the parties' submissions regarding the defendants' motion and for the reasons set forth below, the Court will grant the defendants' motion to dismiss this case because the Court lacks subject-matter jurisdiction, because there has been no final agency action.[1]

## I. *Factual Background*

The origin of the instant case can be traced to another case currently pending before the United States Court of Federal Claims involving a suit by the plaintiff against the Bureau of Prisons ("BOP"). First Amended Complaint ("Compl.") ¶ 14. The plaintiff is "a service contractor that operates community corrections centers ('halfway houses') for the BOP." Memorandum of Law in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and in Support of Defendants' Renewed Motion to Dismiss ("Defs.' Mem.") at 4. Apparently, "[d]uring the course of [the plaintiff's] performance of various contracts with the BOP, the BOP issued various unilateral modifications incorporating revised Wage Determinations under the Service Contract Act of 1965 ("SCA") ... requiring [the plaintiff] to pay higher wages and fringe benefits to its employees working on the contracts." Compl. ¶ 6. These "revised Wage Determinations were issued by the DOL [the Department of Labor] to the BOP." *Id.* At the heart of the plaintiff's dispute with the BOP in the case pending before the Court of Federal Claims is their position that they had a right to be compensated by the BOP for these increased Wage Determinations, that they submitted claims (*i.e.,* a Request for Equitable Adjustment ("REA")) to the BOP for these wage and fringe benefit increases, and that they have never been paid by the BOP for the increases. Defs.' Mem. at 4–5.

After the complaint was filed in the Court of Federal Claims on November 13, 2001, the plaintiff asserts that in "April of 2002, the [DOL] commenced an investigation, purportedly under the [SCA], into two of [the plaintiff's] contracts with the BOP." Compl. ¶ 16. The plaintiff contends that this investigation was initiated in retaliation for the monetary claims submitted in its REAs and the complaint it filed with the Court of Federal Claims. *Id.* ¶ 18. The defendants counter that the "investigation in this case was initiated in response to a complaint filed with the Wage and Hour Division [of the DOL], alleging that [the plaintiff] had underpaid employees in violation of the SCA prevailing wage provisions and the overtime provisions of the Contract Work Hours and

1. Because the Court finds that it lacks subject-matter jurisdiction to entertain the plaintiff's complaint, it needs not address the additional assertions made by the defendants regarding why the plaintiff's complaint should be dismissed.

Safety Standards Act . . ." Defs.' Mem. at 22 (citing attached Declaration of Nicolas Ratmiroff). The complaint filed in this Court on April 22, 2002, seeks, among other things, an order from the Court enjoining the DOL's investigation. On October 11, 2002, this Court heard arguments from counsel and denied the plaintiff's motion for a temporary restraining order and for a preliminary injunction to enjoin the defendants from pursuing the investigation. For the same reason the plaintiff's motion was denied, its complaint, which essentially seeks the same relief, is now dismissed.

## II. *Standards of Review*

### (A) *Rule 12(b)(1)*

■ Federal Rule of Civil Procedure 12(b)(1) requires the plaintiff to bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain her claims. Fed.R.Civ.P. 12(b)(1); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001); *Pitney Bowes, Inc. v. United States Postal Serv.*, 27 F.Supp.2d 15, 18 (D.D.C.1998); *Darden v. United States*, 18 Cl.Ct. 855, 859 (Cl.Ct.1989). While the Court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), because the plaintiff has the burden of establishing the Court's jurisdiction, the " 'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police*, 185 F.Supp.2d at 13–14 (citation omitted). Moreover, the Court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Id.* at 13. Finally, the Court notes that in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction in the case. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624–25 n. 3 (D.C.Cir.1997); *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C.Cir.1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C.Cir.1987); *Hohri v. United States*, 782 F.2d 227, 241 (D.C.Cir.1986); *Grand Lodge of Fraternal Order of Police*, 185 F.Supp.2d at 14.

### (B) *Rule 12(b)(6)*

■ On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be derived from the alleged facts. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. *Kowal*, 16 F.3d at 1276. In deciding whether to dismiss a claim under Rule 12(b)(6), the Court can only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. *St. Francis Xavier Parochial Sch.*, 117 F.3d at 624–25. The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99.

## III. *Legal Analysis*

■ It is undisputed by the parties that this Court must turn to the Administrative Procedures Act ("APA") when reviewing the plaintiff's complaint. Particularly significant in this regard is the requirement that when "review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 882, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (citing 5 U.S.C. § 704 ("Agency action made reviewable by statute and *final* agency action for which there is no other adequate remedy in a court are subject to judicial review" (emphasis added))). Thus, if there is no "final agency action[,]" this Court lacks the subject-matter jurisdiction to entertain the plaintiff's complaint. *See Beverly Enter., Inc. v. Herman*, 50 F.Supp.2d 7, 11 (D.D.C.1999).

■ When agency action is considered final under the APA is well established in the law. In determining finality, the question the Court must ask "is whether the agency has 'impose[d] an obligation, denie[d] a right, or fixe[d] some legal relationship ...'" *Role Models Am., Inc. v. White*, 317 F.3d 327 (D.C.Cir.2003) (quot-

ing *Meredith v. Fed. Mine Safety and Health Review Comm'n*, 177 F.3d 1042, 1047 (D.C.Cir.1999) (internal quotation marks and citation omitted in the original)). It is clear that generally an investigation "is not a definitive statement of position ... [but only] represents a threshold determination that further inquiry is warranted ..." *FTC v. Standard Oil Co. of Cal.*("*SOCAL*"), 449 U.S. 232, 241, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980). Thus, "an agency's initiation of an investigation [in and of itself] does not constitute final agency action." *Jobs, Training and Serv., Inc. v. East Tex. Council of Gov't*, 50 F.3d 1318, 1324 (5th Cir.1995) (quoting *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir.1994)); *see also Aluminum Co. of Am. v. United States*, 790 F.2d 938, 941 (D.C.Cir.1986) ("It is firmly established that agency action is not final merely because it has the effect of requiring a party to participate in an agency proceeding"). As noted by the Fifth Circuit in *Jobs, Training*, "[a]n attack on the authority of an agency to conduct an investigation does not obviate the final agency action requirement. Normally, the plaintiff must await resolution of the agency's inquiry and challenge the final agency decision." 50 F.3d at 1324 (quoting *Veldhoen*, 35 F.3d at 225).[2]

---

2. The defendants acknowledge, however, that there are some circumstances in which an agency's action during the investigatory stage may satisfy the finality requirement. Defs.' Mem. at 12–13. In *USAA Federal Savings Bank v. McLaughlin*, 849 F.2d 1505, 1509 (D.C.Cir.1988), the District of Columbia Circuit explained that there are two lines of cases that address pre-enforcement review of agency decisions, *SOCAL* and *Abbott Labs. v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). The Court explained that in "*Abbott Labs* and similar cases, pre-enforcement review of agency action was allowed where the party seeking judicial intervention pointed to a specific, concrete effect on the party's primary conduct that was occasioned by the agency's action—an effect going

beyond forced participation in the enforcement proceeding itself." *Id.* at 1509 (citing *Abbott Labs.*, 387 U.S. at 152–53, 87 S.Ct. 1507). The Circuit Court went on to note that "[i]n contrast to this direct and substantial burden, Socal was required to make no alteration in the day-to-day conduct of its business; rather, the company could point only to the unpleasantness and burden of defending itself in an administrative proceeding ..." *Id.* (citing *SOCAL*, 449 U.S. at 235, 242, 101 S.Ct. 488). In this case, the plaintiff has not made any allegations that would implicate the *Abbott Labs* line of cases. Even if it had made such allegations, the Court would have to nonetheless conclude that the *Abbott Labs* doctrine is not implicated under the circum-

■ While acknowledging the "final agency action" requirement, the plaintiff asserts that the requirement here is satisfied because it is challenging the validity of the DOL's regulations that the agency is relying upon as the basis for conducting the investigation. Plaintiff's Response to Defendants' Renewed Motion to Dismiss, Memorandum of Law in Opposition to Defendants' Renewed Motion to Dismiss ("Pl.'s Resp.") at 8–10. According to the plaintiff, there has been final agency action because "the regulations upon which the DOL is relying as legal authority for their investigation were promulgated in excess of [its] ... statutory authority." *Id.* at 9. In particular, the plaintiff argues that the final agency action here that is subject to judicial review is the DOL's promulgation of 29 C.F.R. § 4.102, which is the agency's regulation that it relies upon to conduct the investigation at issue in this case. This regulation provides that "the authority and enforcement powers of the Secretary under the [SCA] are coextensive with the authority and powers under the Walsh–Healey Act." 29 C.F.R. § 4.102. The plaintiff's finality argument is totally without merit.

The DOL relies upon 41 U.S.C. § 353 (2000) as the legal basis for initiating investigations regarding violations of the SCA. Defs.' Mem. at 16–17. Section 353 states that "[s]ection[ ] 38 ... of this title shall govern the Secretary's authority to enforce this chapter, make rules, regulations, issue orders, hold hearings, and make decisions based upon findings of fact, and take other appropriate action hereunder." 41 U.S.C. § 353 (2000). Section 38

of Title 41, which is entitled, in part, "Administration of Walsh–Healey Provisions; rules and regulations[,]" specifically authorizes the Secretary of Labor to conduct investigations in matters covered by the Walsh–Healey Act. 41 U.S.C. § 38 (2000) ("The Secretary of Labor or his authorized representatives shall have power to make investigations and findings ... and prosecute any inquiry necessary to his functions in any part of the United States"). Thus, the DOL correctly takes the position, as stated in 29 C.F.R. § 4.102, that "the authority and enforcement powers of the Secretary under the [SCA] are coextensive with the authority and powers under the Walsh–Healey Act." The plaintiff's rebuff of the DOL's position, that the Walsh–Healey Act cannot provide the legal basis for conducting investigations under the SCA because that legislation "deals only with contracts for supplies or materials, not service contracts like the ones that [plaintiff] has with the BOP[,]" Pl.'s Resp. at 10, defies the obvious. It is apparent from the plain language of the SCA that Congress intended for the DOL to have the same enforcement authority with regard to employee service contracts covered by the SCA, as it does under the Walsh–Healey Act. And as already indicated, that authority specifically includes the "power to make investigations[.]" Congress's clear and unambiguous decision on the subject is definitive. Therefore, the Court concludes that the plaintiff's allegation that the DOL is acting in excess of its statutory jurisdiction is unpersuasive.[3]

---

stances of this case, where the DOL has simply begun an investigation and has not even made a decision whether to initiate a formal administrative enforcement proceeding. *See* Defs.' Mem. at 13.

**3.** Moreover, even if there was any ambiguity, the Court would nonetheless conclude that

the agency's interpretation of 41 U.S.C. § 353 is a "permissible construction of the statute" and it is thus entitled to considerable deference. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

## IV. *Conclusion*

For the aforementioned reasons, this Court will grant the defendants' motion to dismiss because the Court finds that it lacks subject-matter jurisdiction to entertain the plaintiff's complaint. This is because there has been no "final agency action[,]" a necessary predicate to judicial review under the APA. Accordingly, this Court will dismiss the plaintiff's complaint.[4]

### *ORDER*

Upon consideration of the defendants' motion to dismiss the complaint, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that the defendants' motion to dismiss the plaintiff's complaint is **GRANTED.** It is

**FURTHER ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE.**

4. An Order consistent with the Court's ruling accompanies this Memorandum Opinion.