**Essie J. BAKER, Plaintiff,**

v.

**William J. HENDERSON, Postmaster General, United States Postal Service, Defendant.**

**No. Civ.A. 00–1104(RMU).**

United States District Court,
District of Columbia.

March 27, 2001.

Essie J. Baker, Capitol Height, MD, Plaintiff Pro se.

Laurie Weinstein, Assistant United States Attorney, Washington, DC, for Defendant.

### *MEMORANDUM OPINION*

URBINA, District Judge.

DENYING WITH PREJUDICE THE DEFENDANT'S MOTION TO DISMISS; DENYING WITHOUT PREJUDICE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss or, in the alternative, for summary judgment. On February 2, 2000, the Equal Employment Opportunity Commission ("EEOC") issued its final decision dismissing the plaintiff's claims for discrimination and retaliation. The plaintiff, Essie J. Baker ("Plaintiff" or "Ms. Baker"), now brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.;* and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.* The defendant, William J. Henderson, United States Postmaster General ("the defendant"), moves to dismiss the case on the ground that the complaint was not timely filed. In the alternative, the defendant moves for summary judgment.

After careful consideration of the complaint and the parties' submissions, the court rules that the complaint was, in fact, filed within the 90–day period set by 42 U.S.C. § 2000e(5)(f). Accordingly, the court will deny with prejudice the defendant's motion to dismiss. Furthermore, the court concludes that it would be premature to rule on the defendant's motion for summary judgment at this time. Therefore, the court will deny without prejudice the defendant's motion for summary judgment.

### II. BACKGROUND

The plaintiff lodged her complaint with the clerk of court, together with her *in forma pauperis* ("IFP") petition, on April 4, 2000.[1] Although there is nothing in the record reflecting the date that the court denied the plaintiff's IFP request, the court clerk's "Pro Se Log" indicates that the IFP request was still pending as of April 18, 2000. On May 17, 2000, the plaintiff paid the filing fee and initiated this action. *See* Compl. at 1.

The defendant moves to dismiss under FED.R.CIV.P. 12(b)(1) and (6) on the ground that the plaintiff failed to timely file her complaint in this court. *See* Mot. to Dismiss at 1. The plaintiff counters that she lodged her request to proceed *in forma pauperis* within the filing deadline, and that the court should apply equitable tolling in this case. *See* Reply at 1–2. For the reasons that follow, the court will deny the defendant's motion to dismiss.

### III. DISCUSSION

#### A. Legal Standard for 12(b)(6) Motion to Dismiss

In ruling on a 12(b)(6) motion to dismiss, the court is bound to accept as true all

---

**1.** *See* clerk's date stamp, which appears on the reverse side of the original complaint filed herein.

well-pleaded allegations of fact, excluding those that are overbroad and unsupported by specific factual averments. *See Pitney Bowes Inc. v. United States Postal Serv.,* 27 F.Supp.2d 15, 19 (D.D.C.1998) (Urbina, J.); *Judicial Watch, Inc. v. Clinton,* 880 F.Supp. 1, 7 (D.D.C.1995). Moreover, all reasonable inferences are to be drawn in the nonmovant's favor. *See Judicial Watch,* 880 F.Supp. at 7.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is not designed to test whether the plaintiff will prevail on the merits. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Rather, as this Circuit has held, the complaint must not be dismissed unless it "appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Chandler v. D.C. Dept. of Corrections,* 145 F.3d 1355, 1360 (D.C.Cir.1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

█ In determining whether a complaint fails to state a claim, the court may consider facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the court may take judicial notice. *See E.E.O.C. v. St. Francis Xavier Parochial School,* 117 F.3d 621, 625 (D.C.Cir. 1997). Thus, the court may take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment. *See Marshall Coun-*

*ty Health Care Auth. v. Shalala,* 988 F.2d 1221, 1226 (D.C.Cir.1993); *Phillips v. Bureau of Prisons,* 591 F.2d 966, 969 (D.C.Cir.1979) (court may consider items in the record of the case or of a general public nature).

## B. Analysis

### 1. Time–Filing Requirements

█ The EEOC mailed its decision to the plaintiff on February 2, 2000. *See* Compl. at 8.[2] There is a presumption that the plaintiff received the letter three days later, i.e., on February 5, 2000. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (applying Federal Rule of Civil Procedure 6(e) to Title VII cases). Thus, absent evidence to the contrary, the 90–day limitation period began running on February 5, 2000. That would have given the plaintiff until approximately May 5, 2000 (90 calendar days later) to file her suit in this court. The court, however, takes judicial notice of the fact that the plaintiff lodged her request for IFP status on April 4, 2000. By lodging her IFP request, the plaintiff automatically tolled the limitations period until the court ruled on her IFP request. *See Mondy v. Secretary of the Army,* 845 F.2d 1051 (D.C.Cir. 1988); *accord Williams–Guice v. Board of Ed.,* 45 F.3d 161, 162 (7th Cir.1995); *McCall v. United States Marshals Service,* 36 F.Supp.2d 3, 5 (D.D.C.1999).

The record does not reflect when the plaintiff's IFP request was denied. The clerk's Pro Se Log, however, indicates that on April 18, 2000 the IFP request was still pending. Even assuming *arguendo* that the plaintiff's request was denied that day,

---

**2.** FED.R.CIV.P. 10(c) calls for the court to treat exhibits attached to the pleading as part of that pleading. This rule applies even to motions to dismiss. Thus, the exhibits attached to the complaint in the instant case will be considered, without the need to convert the

motion to dismiss into one for summary judgment. *See St. Francis Xavier Parochial School,* 117 F.3d at 624; *accord Realtek Industries, Inc. v. Nomura Securities,* 939 F.Supp. 572 (N.D.Ohio 1996).

that means her IFP request tolled the statute of limitations for 14 days. Thus, she would still have had until May 19, 2000 to pay the filing fee and initiate this action. Because the plaintiff filed her complaint on May 17, 2000, she was still within the filing period (i.e., before May 19, 2000). Thus, the court finds that the plaintiff timely filed her complaint. Accordingly, the court denies the defendant's motion to dismiss.

### 2. The Defendant's Alternative Motion for Summary Judgment

 The defendant also moves for summary judgment. *See* Def.'s Mot. at 1. When a district court converts a Rule 12(b)(6) motion to one for summary judgment, it must allow all parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56, and a chance to pursue reasonable discovery. *See Taylor v. Federal Deposit Ins. Corp.*, 132 F.3d 753, 756 (D.C.Cir.1997) (reviewing *de novo* the district court's treatment of a motion for dismissal or in the alternative summary judgment, as one for summary judgment). In *Gordon v. National Youth Work Alliance*, 675 F.2d 356 (D.C.Cir.1982), the D.C. Circuit held that it was reversible error for a district court to convert a motion to dismiss into one for summary judgment without informing the parties and setting a schedule for the submission of additional affidavits and documents. *See id.* at 360. Although it is not improper for the defendant to move for summary judgment at this juncture, the court determines that the plaintiff, under the circumstances, has not yet been afforded an appropriate opportunity to conduct discovery and submit materials relevant to a summary judgment motion.

---

**3.** The plaintiff is now on notice that if the defendant moves for summary judgment in the future, the plaintiff must respond by submitting to the court an affidavit setting forth specific facts that are in dispute. If the plain-

In this circuit, the district courts have been instructed to specifically notify *pro se* plaintiffs of the necessity to prepare affidavits attesting to the facts in dispute on summary judgment. *See Neal v. Kelly,* 963 F.2d 453, 456 (D.C.Cir.1992); *Ham v. Smith,* 653 F.2d 628, 630 (D.C.Cir.1981) (district courts should defer ruling on summary judgment until certain that *pro se* plaintiff understands the consequences of failing to respond to Rule 56 motion).

In this case the *pro se* plaintiff has not yet been notified of the necessity to file affidavits in response to a motion for summary judgment.[3] Furthermore, the court notes that discovery has not taken place. Accordingly, the court denies without prejudice the defendant's motion for summary judgment. The defendant, of course, may renew its summary judgment motion at a later time, preferably at the close of discovery.

## IV. CONCLUSION

For all these reasons, the court will deny with prejudice the defendant's motion to dismiss. In addition, the court will deny without prejudice the defendant's motion for summary judgment. An Order directing the parties in a fashion consistent with this Memorandum Opinion is separately and contemporaneously issued this 27 day of March, 2001.

### ORDER

**DENYING WITH PREJUDICE THE DEFENDANT'S MOTION TO DISMISS; DENYING WITHOUT PREJUDICE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

For the reasons stated in the court's Memorandum Opinion issued separately

---

tiff does not so respond, or is unable to demonstrate by affidavit or sworn statement that material factual issues remain, the court may grant the defendant's motion for summary judgment. *See* FED.R.CIV.P. 56(e).

and contemporaneously this 27th day of March, 2001, it is

**ORDERED** that the defendant's motion to dismiss is hereby **DENIED;** and it is

**FURTHER ORDERED** that the defendant's motion for summary judgment is hereby **DENIED WITHOUT PREJU-DICE;** and it is

**ORDERED** that an initial status hearing is hereby set for **Monday, May 21, 2001 at 1:30 p.m.**