**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth Adolphus HINTON, Appellant.**

No. 00–3068.

United States Court of Appeals,
District of Columbia Circuit.

May 25, 2001.

Before HENDERSON, TATEL, and GARLAND, Circuit Judges.

*JUDGMENT*

This cause came to be heard on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). For the reasons set forth in the attached memorandum, it is

ORDERED and ADJUDGED that the conviction and sentence from which this appeal has been taken be affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).

MEMORANDUM

Appellant Kenneth A. Hinton challenges his conviction and sentence for fraud and theft-related offenses. Hinton, a former legal assistant at the law firm of Shaw, Pittman, Potts & Trowbridge ("Shaw Pittman"), stole checks from several Shaw Pittman attorneys and used those checks to deposit funds in various bank accounts he had opened with stolen identity information.

Hinton contends that the district court erred in admitting certain in- and out-of-court identification evidence, as well as certain other-acts evidence. We need not determine whether the district court's decision to admit this evidence constituted error, as the overwhelming evidence against Hinton rendered any error harmless. The checks in question were stolen from attorneys' offices at Shaw Pittman; a security card issued to Hinton was used to

enter Shaw Pittman on several occasions during non-business hours after Hinton had ceased working at the firm. The attorneys' signatures were forged and the checks deposited in accounts opened in the names of acquaintances of Hinton, including women with whom he had been romantically involved. Two of those individuals testified that they did not open the accounts and did not know the Shaw Pittman attorneys whose names appeared on the checks. The fraudulent accounts were opened using Hinton's mailing address, at banks where he already had his own accounts; Hinton's fingerprints were found on several stolen checks and account statements; and in a search of Hinton's apartment, the FBI found identity information from the individuals in whose names the fraudulent accounts were opened. Finally, numerous checks were written on the fraudulent accounts to pay bills owed by Hinton; one check was written directly to Hinton himself. In light of this and other evidence presented at trial, it is clear that any error had no "substantial or injurious effect or influence in determining the jury's verdict." *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). Even if evaluated under a constitutional harmless error standard, the evidence arrayed against Hinton was so strong that any error was clearly "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see Neder v. United States,* 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

■ Hinton also raises three challenges to his sentencing. He argues, first, that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the district court erred in enhancing his sentence under the U.S. Sentencing Guidelines by relying on uncharged conduct not submitted to the jury. This argument fails because *Apprendi* does not apply where—as was true here—an enhanced sentence remains within the statutory maximum for the offense of conviction. *See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); *In re Sealed Case,* 246 F.3d 696, 2001 WL 409116, at *1–3 (D.C.Cir.2001) (holding that *Apprendi* does not apply to a Guidelines enhancement that results in a sentence within the statutory maximum). Hinton also argues that the district court erred in departing above the applicable Guidelines range based on facts found under a preponderance-of-the-evidence standard. However, even if it were appropriate, *arguendo,* to apply a heightened burden of proof in certain cases involving exceptional circumstances, *see United States v. Watts,* 519 U.S. 148, 156–57, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Toms,* 136 F.3d 176, 186–187 (D.C.Cir. 1998), this case does not present such circumstances because the district court departed upward by only four levels. Finally, Hinton contends that the district court erred in calculating his criminal history under the Guidelines, because the court included a California conviction that Hinton had succeeded in expunging under California law. This argument fails because the California penal code provision under which Hinton's conviction was expunged specifically permits the use of such a conviction in prosecutions for subsequent offenses. *See* CAL.PENAL CODE § 1203.4(a) ("[I]n any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."); *Adams v. Coun-*

*ty of Sacramento,* 235 Cal.App.3d 872, 1 Cal.Rptr.2d 138, 141 (1991) (holding that expunged convictions may be used to enhance punishment in subsequent prosecutions).

Accordingly, Hinton's conviction and sentence are

*Affirmed.*