**Kenneth A. HINTON, Plaintiff,**

v.

**SHAW PITTMAN POTTS & TROWBRIDGE, et al., Defendants.**

**No. CIV.A. 02–0545(RBW).**

United States District Court, District of Columbia.

March 31, 2003.

---

Kenneth Adolphus Hinton, Winton, NC, for plaintiff.

Jack McKay, Jonathan Walter Gannon, Shaw Pittman, Washington, Dc, for defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

■ Plaintiff is a District of Columbia prisoner incarcerated at the Rivers Correctional Institution in Winton, North Carolina. In this diversity action that has been brought by plaintiff who is proceeding *pro se* and *in forma pauperis*, plaintiff is suing his former employer, the law firm of Shaw Pittman Potts and Trowbridge ("Shaw Pittman"), one of its law partners, Michael R. Hatcher, and a limited liability corporation, Kastle Systems, Inc. ("Kastle"), for monetary damages exceeding $8 million. The complaint lists nine causes of

action, but the following two claims predominate: (1) Count I—Negligence and (2) Count II—Defamation.[1] Defendant Shaw Pittman has moved to dismiss the complaint in its entirety under Federal Rule of Civil Procedure 12(b) on the grounds of absolute immunity, collateral estoppel, non-compliance with the applicable statute of limitations and failure to state a claim upon which relief may be granted.[2] Having considered the parties' submissions and the entire record, the Court will grant the motion and dismiss the complaint on the grounds of absolute immunity and collateral estoppel.[3]

The complaint arises from plaintiff's criminal prosecution and conviction following a jury trial, for fraud and theft-related offenses. *See* Defendant Shaw Pittman's Motion to Dismiss ("Def.'s Mot."), Exhibit A (*United States v. Hinton*, No. 00–3068, 12 Fed.Appx. 11, 12 (D.C.Cir. May 25, 2001))("*Hinton*"). Plaintiff alleges that defendants were negligent in failing to deactivate a "blue electromagnetic kastle key ... [he] returned and surrendered to his supervisor [Hatcher] at Shaw Pittman upon his resignation ... on December 12, 1997". Complaint ¶ 7. He claims that as a result of defendants' omission, he has

1. Plaintiff incorporates the facts of these two counts into the following causes of action: Count III—Civil Conspiracy to Wrongfully Deny the Plaintiff the Right or Opportunity to Practice His Profession as a Paralegal/Legal Assistant; Count IV—Bad Faith; Count V—Breach of Duty and Trust; Count VI—Breach of Covenant; Count VII—Breach of Privacy and Security; Count VIII—Tortious Interference With Plaintiff's Liberty and Consortium With His Family; Count IX—The Tort of Intentional Infliction of Mental, Emotional and Physical Distress, Trauma and Terror. Complaint ¶¶ 24–30. Plaintiff has a motion pending to amend the complaint to add four more causes of action similar to the ones listed here. The Court will deny the motion to amend because the additional claims would suffer the same fate as the ones now under consideration.

2. With respect to the statute of limitations defense, "a federal court sitting in diversity looks to state law to determine whether a cause of action based upon state law has expired." *A.I. Trade Finance, Inc. v. Petra Intern. Banking Corp.*, 62 F.3d 1454, 1458 (D.C.Cir.1995) (citation omitted). Defendant acknowledges that under District of Columbia law, plaintiff's imprisonment would toll the statute of limitations. *See* D.C.Code § 12–302(a)(3) (2003). It asserts, however, that "[t]he complaint contains no allegation that Mr. Hinton was incarcerated at the time the action accrued" on April 3, 2000 (the last day of Mr. Hinton's criminal trial). Reply to Plaintiff's Opposition to Defendant Shaw Pittman's Motion to Dismiss at 2. Plaintiff was not required to make such an assertion in his

complaint. This is because the statute of limitations is an affirmative defense that must be pleaded and proven by the party asserting it. *See* Fed.R.Civ.P. 8(c); *Banks v. Chesapeake & Potomac Telephone Co.*, 802 F.2d 1416, 1427 (D.C.Cir.1986); *accord Harris v. Secretary, United States Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C.Cir.1997). In any event, plaintiff has sufficiently refuted defendant's limitations claim by attaching to his opposition a copy of D.C.Code § 12–302 and highlighting the portions applicable to disability due to one's imprisonment. Plaintiff Kenneth A. Hinton Brief & Memorandum in Opposition to Defendant Shaw Pittman's Motion to Dismiss Pursuant to F.R. Civ. P. 12(b) & Local Civ. R. 7.1 ("Pl.'s Opp."), Exhibit B. At a minimum, a genuine issue of material fact exists as to the applicability of the statute of limitations as a bar to this action. The Court therefore cannot resolve the current motion to dismiss on this ground.

3. Shaw Pittman is the only defendant upon which service of process has been perfected. The docket entries reflect unsuccessful attempts to serve defendants Hatcher and Kastle. Although those defendants have not appeared in the case, the Court is authorized to dismiss the case against them pursuant to 28 U.S.C. § 1915(e) (2003). That statute requires the Court in *in forma pauperis* proceedings to "dismiss the case at any time if the court determines that [,among other grounds,] the action ... (ii) fails to state a claim on which relief may be granted; or (iii)seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"been the victim of 'identity theft and fraud' and malicious prosecution and [criminal] conviction[s]...." *Id.* ¶ 14. Plaintiff alleges that defendant Hatcher "publicly disclosed false information and disseminated erroneous, false and inaccurate statements under oath to [Judge] Ricardo M. Urbina ..." and other individuals. *Id.* ¶ 20. Plaintiff also alleges that Hatcher "further defamed [him] by making false and malicious statements to various third parties as forementioned ...", *id.* ¶ 22, but he has not indicated, and the record does not suggest, that the alleged defamation occurred outside of the judicial proceedings.

Plaintiff does not accuse Kastle of any wrongdoing in his complaint. In his opposition to Shaw Pittman's motion to dismiss, plaintiff states that Kastle's vice-president "stated under oath" that he was never "notified ... [about] the circumstances of the plaintiff's loss/stolen and returned kastle key...." Pl.'s Opp. at 6. He seeks to hold Kastle liable only "in conjunction to Shaw Pittman Potts & Trowbridge, and Michael R. Hunter, Esq., who were the responsible parties to take all prequisite [sic] actions with the authority vested to them in seeing that the plaintiff's ... access/entry devices 'blue electromagnetic kastle key(s)' were properly and timely deactivated...." Pl.'s Opp. at 6. Thus, plaintiff does not state a legal claim against this defendant. The Court therefore will dismiss the complaint against Kastle, on the ground that it fails to state a claim upon which relief can be granted. *See supra* n. 3.

 Under District of Columbia law, which controls this diversity action,[4] the judicial testimony of witnesses is absolutely privileged. *See Brown v. Collins*, 402 F.2d 209, 212–13 (D.C.Cir.1968) (citing Restatement (Second) of Torts § 587). In *Sturdivant v. Seaboard Service System, Ltd.*, the District of Columbia Court of Appeals extended to witnesses the "well settled [law] that a defamation action may not be grounded 'on a party's statements preliminary to or in the course of a judicial proceeding so long as the defamatory matter has some relation ... to the proceedings." 459 A.2d 1058, 1059 (D.C.1983) (quoting *Brown v. Collins*, 402 F.2d at 212); *see also accord Gray v. Poole*, 275 F.3d 1113 (D.C.Cir.2002) (government official entitled to absolute immunity from a lawsuit filed under 42 U.S.C. § 1983 for testimony given in District of Columbia Superior Court). Moreover, the United States Supreme Court has made it clear that "the common law provided absolute immunity from subsequent damages liability for all persons—governmental or otherwise—who were integral parts of the judicial process." *Briscoe v. LaHue*, 460 U.S. 325, 335, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). Here, the immunity privilege extends to Hatcher and his law firm. *See Sturdivant*, 459 A.2d at 1060 (citing *General Motors Corporation v. Mendicki*, 367 F.2d 66, 70 (10th Cir.1966)) (the "unqualified privilege" protects the employer of testifying employee). The defamation claim must therefore be dismissed.

 As for the remaining claims, *see supra* at 1 & n. 1, defendant argues that plaintiff is estopped from relitigating the facts that supported his conviction because they served as the basis for his criminal conviction. Collateral estoppel, or issue preclusion, bars the relitigation of issues previously tried and decided in a court of competent jurisdiction involving the same

---

4. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").

or different parties. *See Ashe v. Swenson,* 397 U.S. 436, 443–44, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."); *accord Yamaha Corporation of America v. United States,* 961 F.2d 245, 254 (D.C.Cir.1992); *see also United States v. Mendoza,* 464 U.S. 154, 158–59, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984) (acknowledging the "broadened [ ] scope of the doctrine of collateral estoppel beyond its common law limits ... by abandoning the requirement of mutuality of parties....") (citations omitted). "A criminal conviction is conclusive proof and operates as an estoppel on the defendants as to the facts supporting the conviction in a subsequent civil action." *United States v. Uzzell,* 648 F.Supp. 1362, 1363 (D.D.C. 1986) (citing *Local 167 of International Brotherhood of Teamsters, Chauffeurs, Stablemen & Helpers of America v. United States,* 291 U.S. 293, 298–99, 54 S.Ct. 396, 78 L.Ed. 804 (1934)) (other citation omitted).

■ Plaintiff attaches to his opposition what appears to be a portion of the criminal indictment and portions of the transcript of some part of his criminal proceedings.[5] The content of the indictment includes the fact that plaintiff was issued an electronic pass key and that as part of a "scheme and artifice ..." after his departure from Shaw Pittman, plaintiff "repeatedly entered the offices of Shaw Pittman without authorization using his previously issued electronic pass key." Pl.'s Opp., Exhibit E. The transcript shows that the circumstances surrounding plaintiff's return of the key card and the putative deactivation of the key card were litigated during the criminal proceeding. On direct appeal of plaintiff's conviction, the United States Court of Appeals for the District of Columbia Circuit found the evidence against plaintiff "overwhelming." *Hinton,* at 11–12. Among the evidence the court referenced was the fact that "a security card issued to Hinton was used to enter Shaw Pittman on several occasions during non-business hours after Hinton had ceased working at the firm." *Id.* The facts plaintiff seeks to litigate in this action were essential to his conviction because the jury had to find that plaintiff was responsible for the unauthorized use of the key card that had been issued to him, which was an essential part of the evidence used to convict plaintiff of the indicted charges. The Court therefore finds that plaintiff is collaterally estopped from litigating these same facts anew.

For the reasons stated above, the Court will grant defendant Shaw Pittman's Motion to Dismiss. The Court finds the basis for dismissal equally applicable to defendant Hatcher, and further finds that plaintiff has failed to state a claim upon which relief may be granted with respect to defendant Kastle. The Court therefore will dismiss the complaint in its entirety.[6]

---

5. Consideration of these documents does not convert the motion to dismiss into one for summary judgment as "the court may take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson,* 150 F.Supp.2d 13, 15 (D.D.C.2001) (citations omitted); *Dupree v. Jefferson,* 666 F.2d 606, 608 n. 1 (D.C.Cir.1981) (court took judicial notice of the record in a related civil case "pursuant to [its] authority to judicially notice related proceedings in other courts.") (citations omitted).

6. A separate Order of dismissal accompanies this memorandum opinion.

*ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is

ORDERED that Shaw Pittman's Motion to Dismiss [# 9] is GRANTED; it is further

ORDERED that plaintiff's motions for leave to file an amended complaint [##16, 18] are DENIED; and it is further

ORDERED that this case is DISMISSED. This is a final appealable Order.