Richard W. BECKWITH, Plaintiff,

v.

Nancy M. WARE, Defendant.

Civil Action No. 13–0433 (RJL)

United States District Court,
District of Columbia.

Filed 03/31/2014

Signed 03/29/2014

Richard W. Beckwith, Bowie, MD, pro se.

Kenneth A. Adebonojo, U.S. Attorney's Office for the District of Columbia, Washington, DC, for Defendant.

## MEMORANDUM ORDER

RICHARD J. LEON, United States District Judge

Plaintiff Richard Beckwith, proceeding *pro se*, sues the Director of the District of Columbia Court Services and Offender Supervision Agency ("CSOSA"), a federal agency, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* He alleges discrimination based on his age and gender and retaliation for engaging in protected activity. Plaintiff also alleges that he was subjected to a hostile work environment. Pending is CSOSA's motion to dismiss under Rule 12(b)(6) of

the Federal Rules of Civil Procedure, or in the alternative for summary judgment under Rule 56 [Dkt. # 8]. Plaintiff has opposed the motion [Dkt. # 10], and CSOSA has replied [Dkt. # 15], Upon consideration of the parties' submissions and relevant law, CSOSA's motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff retired from his position of Court Supervision Officer ("CSO") in March 2011. Plaintiff alleges that during his employment, he was subjected to a "pattern of discriminatory [and retaliatory] conduct" because of his race (African American), his age (60), and his testimony against the agency during proceedings before the Merit Systems Protection Board ("MSPB"). Compl. [Dkt. # 1] ¶ 2.1.

Plaintiff alleges that the harassment began in September 2006 "after [he] testified in an MSPB hearing against the agency and the appointment of Chaundra Miller as the supervisor of [his] team . . . ." *Id.* ¶ 4.2. Plaintiff initiated contact with an Equal Employment Opportunity ("EEO") counselor on July 12, 2007 with regard to the harassment claims. Pl.'s Opp'n at 6; Def.'s Reply at 6. By notice dated November 16, 2007, plaintiff lodged a formal grievance with CSOSA's EEO office, and in January 2008, CSOSA accepted for investigation plaintiff's claim of a "hostile work environment consisting of the following alleged incidents" that occurred between October 2006 and November 20, 2007:

- denial of a team award, alleged in the complaint to have occurred in November 2006;
- denial of the opportunity to telecommute, allegedly in November 2006;
- placement on absent without leave ("AWOL") status on July 18–19, 2007;
- deactivation of his government badge, allegedly in September 2007;
- removal from CSOSA's computer system, allegedly in September 2007;
- harassment on September 18, 2007 upon reporting to the Union's office to prepare an EEO document;
- denial of American Sign Language training on September 26, 2006;
- accusation of falsifying agency records; and
- denial of a transfer request, allegedly first made in July 2005.

Def.'s Ex. Z (Acceptance Letter) [Dkt. # 8–4]; *see* Compl. at 4–18. Neither party has stated the outcome of the agency proceedings. Plaintiff initiated this civil action in April 2013.

## LEGAL STANDARD

Defendant moves to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (alteration in original) (citations and internal quotations marks omitted). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation and internal quotation marks omitted). "[T]he [C]ourt need not accept inferences drawn by plaintiff[ ] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C.Cir.1994).

■ In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "any documents either attached to or incorporated in the complaint ... without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F.Supp.2d 13, 15 (D.D.C. 2001) (citations omitted). This includes documents that are "referred to in the complaint and [are] central to the plaintiff's claim," even if they are produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss (Def.'s Ex. Z). *See Solomon v. Office of the Architect of the Capitol*, 539 F.Supp.2d 347, 349–50 (D.D.C.2008) (citing *Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C.1999), *aff'd*, 38 Fed.Appx. 4 (D.C.Cir.2002)) (internal citations omitted). In addition, the Court may consider "matters of which it may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C.Cir.1997).

## ANALYSIS

### I. Exhaustion of Administrative Remedies

■ Defendant argues for dismissal on the basis that plaintiff failed to properly exhaust his administrative remedies by contacting an EEO counselor within 45 days of the alleged discriminatory conduct. It is well-established that federal employees must exhaust administrative remedies before bringing lawsuits in federal court under both Title VII and the ADEA. *See Gilbert v. Napolitano*, 958 F.Supp.2d 9, 12 (D.D.C.2013) (citing cases).

The first step for "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information" is to "consult a [n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). That contact must be initiated "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* § 1614.105(a)(1). Only after a mandatory counseling period of 30 to 90 days, *see id.* § 1614.105(d), (f), may the aggrieved person file an administrative complaint with the Equal Opportunity Employment Commission ("EEOC"), *see id.* § 1614.106(a),(b). The claimant may then file a civil action after the administrative process has run its course. *Gilbert*, 958 F.Supp.2d at 12 n. 1.

■ Under the ADEA, an employee may forego the administrative process by filing a notice of intent to sue with the EEOC within 180 days of the "alleged unlawful practice," and waiting 30 days before commencing suit in a United States District Court. *See* 29 U.S.C. § 633a(c), (d). But if he chooses the administrative path, he must complete the administrative process, *see Peyus v. Lahood*, 919 F.Supp.2d 93, 99 (D.D.C.2013), and the Court may dismiss any unexhausted claims. *See Rann v. Chao*, 346 F.3d 192, 194–95 (D.C.Cir.2003) (affirming the trial court's dismissal of the plaintiff's ADEA claim for failure to exhaust administrative remedies).

■ In this case, plaintiff chose to pursue his administrative remedies prior to initiating suit in this Court. As part of the administrative process, then, plaintiff was required to "initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a)(1), and each "discrete act" of allegedly unlawful discrimination must have been administratively exhausted. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13, 122 S.Ct. 2061, 153 L.Ed.2d 106, (2002); *Chandler v. Bernanke*, 531 F.Supp.2d 193, 198–99 (D.D.C.

2008); *Coleman–Adebayo v. Leavitt*, 326 F.Supp.2d 132, 137 (D.D.C.2004).

Plaintiff contacted CSOSA's EEO Counselor on July 12, 2007, but only as to his hostile work environment claim, which the EEO office formally accepted for investigation. *See* Def.'s Reply at 6 & Ex. Z. Plaintiff has not exhausted his discrimination claims based on age, gender, and retaliation, and he has not advanced any arguments to consider equitable tolling. Hence, these claims must be dismissed under Rule 12(b)(6). *See Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C.Cir.1995) ("A Title VII lawsuit following the EEOC charge is limited in scope to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations.") (citation and internal quotation marks omitted); *see also Nat'l R.R. Passenger Corp.*, 536 U.S. at 114, 122 S.Ct. 2061 ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice[ ]' " for which an administrative charge must be filed).

Plaintiff's hostile work environment claim, which defendant has mistaken as a continuing violation claim, *see* Def.'s Reply at 7, is timely as long as "an act contributing to the claim occur[ed] within the filing period." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117, 122 S.Ct. 2061. Defendant asserts that some (but not all) of the contributing acts occurred outside of the 45–day limitation period. *See* Def.'s Reply at 7. Since plaintiff's list of contributing acts includes at least one act that occurred within 45 days of when plaintiff contacted the EEO Counselor, I will deny defendant's motion to dismiss plaintiff's hostile work environment claim on the exhaustion ground.

## II. Hostile Work Environment Claim

"Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct" that may extend over days or years; thus, "a single act of harassment may not be actionable on its own." *Nat'l R.R. Passenger Corp*, 536 U.S. at 115, 122 S.Ct. 2061 (citation omitted). "Such claims are based [necessarily] on the cumulative effect of individual acts." *Id.* To state a hostile work environment claim under Title VII and the ADEA, plaintiff must allege facts establishing that "the workplace [was] permeated with 'discriminatory intimidation, ridicule, and insult,' that [was] 'sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment.' " *Id.*; *accord Sheller–Paire v. Gray*, 888 F.Supp.2d 34, 42 n. 8 (D.D.C.2012). "In determining whether an actionable hostile work environment claim exists, [the court] look[s] to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 116, 122 S.Ct. 2061.

The nine alleged acts set out above at page 2 come nowhere near satisfying the foregoing standard since they—collectively or individually—are neither severe nor pervasive. *See, e.g., Nurriddin v. Bolden*, 674 F.Supp.2d 64, 94 (D.D.C.2009) (finding that "the removal of important assignments, lowered performance evaluations, and close scrutiny of assignments by management [cannot] be characterized as sufficiently intimidating or offensive in an ordinary workplace context" and that "temporally diffuse" events "spread out over a four-year period[ ] suggest[ ] a lack of pervasiveness") (citations omitted). Fur-

thermore, plaintiff does not allege that the contributing acts were taken with unlawful discriminatory intent, *i.e.*, because of his age or gender. *See* Compl. ¶ 4.4.1 (denial of team award); ¶ 4.4.2 (denial of "telecommuting privilege"); ¶ 4.4.5 (placement on AWOL status July 18–19, 2007); ¶ 4.4.9 (deactivation of access card and removal from computer system). Accordingly, I will dismiss the hostile work environment claim under Rule 12(b)(6) as well. *See Sheller–Paire*, 888 F.Supp.2d at 42 n. 8 ("[P]laintiff's allegations that he was placed on leave without satisfactory explanation on several instances simply do not support a hostile work environment claim."); *Childs–Pierce v. Util. Workers Union of Am.*, 383 F.Supp.2d 60, 79 (D.D.C.2005), *aff'd* 187 Fed.Appx. 1 (D.C.Cir.2006) (rejecting plaintiff's "attempts to cobble together a hostile work environment claim from discrete acts of alleged discrimination against her that are neither severe nor widespread").

Accordingly, it is

**ORDERED** that Plaintiff's Motion to Redact Social Security Number [Dkt. # 16] from a document the Clerk of the Court has since removed from public viewing is **DENIED** as moot; and it is further

**ORDERED** that Defendant's Motion to Dismiss [Dkt. # 8] is **GRANTED**, and this case is **DISMISSED**. This is a final appealable Order.