William T. WULIGER, Plaintiff,

v.

George J. GILBERT, Defendant.

No. 1:02 CV 521.

United States District Court,
N.D. Ohio,
Western Division.

May 16, 2003.

## AMENDED MEMORANDUM OPINION

KATZ, District Judge.

This matter is before the Court on Defendant's motion to dismiss or compel arbitration (Doc. No. 26), as well as the oppositions of the Plaintiff William T. Wuliger. For the reasons that follow, Defendant's motion is denied.

### BACKGROUND

This is a case seeking the collection of commissions paid by Alpha Capital Group to agents who sold, on its behalf, investment vehicles in the nature of viatical settlements. This case is an outgrowth of the *Liberte v. Capwill*[1] litigation which has spawned related litigation both in the state and federal courts. The essence of this action contends that Defendant George J. Gilbert entered into an agent sales agreement whereby he solicited individuals to invest in viatical settlements offered by Alpha. In return, Gilbert is alleged to have received over $90,000.00 in commissions.

William T. Wuliger was appointed Receiver of Alpha Capital Group in the fall of 2001. Thereafter, he was authorized · by the Court in the *Liberte* action, in part, to:

> [U]se his best judgment to protect the rights of Alpha investors and to discharge his duties in a manner calculated to preserve the greatest monetary recovery for the maximum number of all Alpha investors.

(Doc. No. 1290.) More recently, the Court clarified the expanded role of both the General and Alpha Receivers, stating that:

> [I]n keeping with the ultimate goal of maximizing the Estates for the benefit of the investors, [the Receivers] are empowered to represent and pursue the interests of the investors directly. The Receivers shall further continue to carry out their duties and obligations as se forth by previous and existing Order of the Court. Finally, the Receivers shall continue to coordinate their efforts with class counsel to recover, protect and preserve receivership assets.

(Doc. No. 1982.)

In keeping with the Court's mandates, both Receivers have initiated actions

---

1. *Liberte Capital Group v. Capwill,* 229 F.Supp.2d 799 (N.D.Ohio 2002) revolves around the viatical settlement industry. Plaintiff Liberte Capital LLC ("Liberte") and Intervening Plaintiffs Alpha Capital Group LLC and Integrity Management Partners, LLC (collectively "Alpha") were engaged in the business of purchasing life insurance policies from terminally ill policyholders willing to sell their rights to the policies. Liberte also solicited investors for policies on the lives of seniors without terminal illness. Investors were solicited by Liberte and Alpha to purchase viatical life insurance investment programs whereby investors were matched in many cases with the policy on the terminally ill person or "viator".

against agents for commissions related to their solicitation of viatical settlements.

Defendant Gilbert now moves for dismissal on the ground this Court lacks·subject matter jurisdiction as the viatical settlements are not securities as defined by federal law, thereby eliminating a federal basis upon which this action may proceed. Alternatively, Defendant moves to compel arbitration in accordance with the sales agreements.

### A. Defendant's Motion to Dismiss

The Alpha Receiver opposes the Defendant's position, arguing that a determination on whether the viaticals are or are not securities is in reality a determination on the merits, something not contemplated under Fed.R.Civ.P. 12(b)(6) but considered under Fed.R.Civ.P. 12(b)(1). Under that particular standard, Fed.R.Civ.P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial attacks and factual attacks. Fed. R.Civ.P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994) cert. denied. 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994).

A facial attack challenges the sufficiency of the pleading itself. Upon receiving such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974)). In contrast, a factual attack challenges the factual existence of subject matter jurisdiction. *See Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D.Ohio.1997).

When a Court is inquiring about whether it has subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994) cert. denied. 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994) (internal citations omitted). *See also RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996). "In reviewing such a motion, a district court is to probe the facts and assess the validity of its own jurisdiction. In doing so, the Court has a wide discretion to consider affidavits and the documents outside the complaint, and may even conduct a limited evidentiary hearing if necessary." *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D.Ohio.1997) (relying on *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1986). The Court may examine evidence of its power to hear a case, and must make any factual findings to determine whether it has jurisdiction. *Kroll v. United States*, 58 F.3d 1087, 1090 (6th Cir.1995); *Rogers v. Stratton Inds., Inc.*, 798 F.2d 913, 915 (6th Cir.1986); *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D.Ohio.1997). A Fed. R. Civ. Pro. 12(b)(1) motion is not converted into a Fed.R.Civ.P. 56 motion for summary judgment when a Court examines evidence for this purpose. *Rogers v. Stratton Inds., Inc.*, 798 F.2d 913, 915 (6th Cir.1986).

The Supreme Court has discounted Plaintiff's position, as in the case of *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537–538, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995) as follows:

The argument, of course, assumes that the truth of jurisdictional allegations must always be determined with finality at the threshold of litigation, but that assumption is erroneous. Normal prac-

tice permits a party to establish jurisdiction at the outset of a case by means of a nonfrivolous assertion of jurisdictional elements, see, e.g., *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 285, 113 S.Ct. 753, 768, 122 L.Ed.2d 34 (1993); *Bell v. Hood*, 327 U.S. 678, 682–683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), and any litigation of a contested subject-matter jurisdictional fact issue occurs in comparatively summary procedure before a judge alone (as distinct from litigation of the same fact issue as an element of the cause of action, if the claim survives the jurisdictional objection).

In this instance, the nonfrivolous assertions by Plaintiff's counsel submits that this Court has subject matter jurisdiction under federal securities laws as well as for violations of RICO. To accept Plaintiff's argument regarding the status of the viaticals does not vitiate the district court's jurisdiction to decide this issue at a later time in this litigation.

█ An argument similar to Defendant's herein was advanced by the Defendant in *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 622–624 (D.C.Cir.1997), insofar as the status of the employer under the statute. The appellate court rejected that argument noting, "If the School and the Church are not covered under the ADA, *this fact does not preclude the district court from asserting jurisdiction*—although of course it would be fatal to the EEOC's claim on the merits." *Id.* (Emphasis added.) Similarly the Defendant herein has conflated subject matter jurisdiction with the notion that the Plaintiff must prove the Defendant is bound by the federal law which is asserted as the basis for relief, or more succinctly a merits-related determination. *Id.See also* 2 MOORE'S FEDERAL PRACTICE, § 12.30[1] (3d ed.2002).

In sum, the Plaintiff clearly has stated a cause of action under 28 U.S.C. § 1331. For those reasons, Defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) is denied.

## B. Motion to Compel Arbitration

█ The Federal Arbitration Act makes any "written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, thereby declaring a liberal federal policy in favor of arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). At the same time, it must be recognized that the duty to arbitrate derives from the contractual agreement of the parties, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Tech., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986) (citations omitted); *Dean Witter Reynolds, Inc. v. McCoy*, 995 F.2d 649, 650 (6th Cir.1993); *Roney & Co. v. Kassab*, 981 F.2d 894, 897 (6th Cir.1992). Unless the parties agree otherwise, the issue of whether or not a party is bound to arbitrate is decided by the Court, and a party cannot be forced to "arbitrate the arbitrability question" if it has not agreed so to do. *Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 209, 111 S.Ct. 2215, 2226, 115 L.Ed.2d 177 (1991); *AT & T*, 475 U.S. at 651, 106 S.Ct. at 1419–20. Of course, the parties to an agreement are free to provide that the question of arbitrability is to be decided by an arbitrator. *Smith Barney v. Sarver*, 108 F.3d 92, 96 (6th Cir. 1997); *Vic Wertz Distrib. Co. v. Teamsters Local 1038, Nat'l Conference of Brewery*

*Workers,* 898 F.2d 1136, 1140 (6th Cir. 1990).

The issue of whether there was a valid arbitration agreement between the parties at all is a question for the court to decide unless the parties had unmistakably assigned that task to the arbitrator. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).

In a cursory fashion, the Defendant requests arbitration but fails to present the Court with the contract upon which it premises its request. In the absence of anything other than a conclusional request, the Court finds Defendant has not met its burden with respect to compelling arbitration. *See Owen v. MBPXL Corp.,* 173 F.Supp.2d 905, 922 (N.D.Iowa 2001) (compiling cases standing for the proposition that the movant seeking arbitration bears the burden of persuasion).

## CONCLUSION

Accordingly, for the reasons stated above, Defendant's motion to dismiss or to compel arbitration (Doc. No. 26) is denied.

IT IS SO ORDERED.