UNITED STATES of America for the
Use and Benefit of WALKER SEAL
COMPANIES, INC., Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY Defendant.

No. CIV.A.04–0833(EGS).

United States District Court,
District of Columbia.

Feb. 9, 2005.

Michael C. Zisa, Esq., Quagliano &
Seeger, P.C., Washington, DC, Counsel for
plaintiff.

Simon Santiago, Esquire, Wickwire Gav-
in, P.C., Vienna, VA, Counsel for defen-
dants.

### OPINION & ORDER

SULLIVAN, District Judge.

Use–Plaintiff Walker Seal initiated this
Miller Act lawsuit against Sigal Construc-
tion, Inc.'s payment bond surety, Defen-
dant Liberty Mutual, for amounts Walker
Seal claims are due plaintiff for work per-
formed on a project for the United States
Department of Agriculture. Pending be-
fore the Court is defendant's Motion to
Dismiss or in the Alternative to Stay
Pending Arbitration. Upon consideration
of defendants' motion, the response, reply,
and surreply thereto, and for the reasons
stated below, this Court concludes that
defendant's motion should be **DENIED**
and that the defendant should file a re-
sponsive pleading within thirty (30) days of
this Order.

### I. Background

The Miller Act requires contractors do-
ing work with the federal government to
furnish payment bonds with a surety in
order to protect those who provide work or
material on the government·project. *See* 40
U.S.C.A. § 3131. The Miller Act also pro-
vides that subcontractors doing work on a
government project who do not receive
payment within ninety days of completion
of the work may bring a civil action on the

surety to recover the unpaid funds. *See* 40 U.S.C.A. 3133.

According to the complaint, Sigal Construction Corporation entered into a contract with the United States Department of Agriculture for the construction of the USDA South Building—Wing 4 Project, located in the District of Columbia. *See* Compl. ¶ 5. As required by the Miller Act, in order to secure its payment obligations on the project, Sigal provided a payment bond for the Project, issued by Liberty Mutual. *See* Compl. ¶ 6. Sigal subsequently entered into a subcontract with Walker Seal to perform certain electrical work on the USDA project. *See* Compl. 7. Walker Seal alleges that more than ninety days have passed since completion of its work, and there are outstanding payments owed by Sigal to Walker Seal. *See* Compl. ¶¶ 10–13. Thus, Walker Seal initiated the instant action against Liberty Mutual, the surety, pursuant to the Miller Act, in order to recover the funds allegedly owed for Walker Seal's work on the USDA project.

## II.   Standard of Review

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which the Court may take judicial notice." *See EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C.Cir.1997). If the parties present, and the court considers, matters outside the complaint, the court will convert the motion to dismiss to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

Summary judgment should be granted pursuant to Fed.R.Civ.P. 56 only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548,

91 L.Ed.2d 265 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C.Cir.2002). Although the party opposing the motion may not rely solely on pleadings or conclusory factual allegations, the Court must resolve ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III.   Discussion

Liberty Mutual filed a motion to dismiss, or in the alternative, to stay the case pending arbitration. Liberty Mutual contends that Walker Seal is contractually required under the terms of the subcontract with Sigal to exhaust its contractual remedies, including submitting this non-payment claim to arbitration, prior to bringing suit. Liberty Mutual maintains that because Walker Seal has failed to satisfy these contractual requirements, the complaint should be dismissed or, in the alternative, stayed pending arbitration. In support of its motion, Liberty Mutual attached a copy of the subcontract between Sigal and Walker Seal.

In opposition to the defendant's motion to dismiss or stay, Walker Seal points to language in the addendum to the subcontract that "[n]othing herein shall limit the Subcontractor's rights under Sigal's payment bond or the Miller Act." Walker Seal thus argues that it is not required to pursue arbitration of its non-payment claim before bringing this action under the Miller Act. In support of this argument, Walker Seal also attached a copy of the subcontract to its opposition pleading, as well as an affidavit from James Craft, president of Walker Seal, in which Mr. Craft states the company's intention behind the addendum language was to nullify the subcontract's

general arbitration provision with respect to a payment bond claim.

In its reply in support of its motion to dismiss or stay the case pending arbitration, Liberty Mutual points to other provisions of the subcontract and other language in the addendum and counters that the addendum language cited by plaintiff does nothing to alter Walker Seal's obligations under the subcontract to submit this dispute to arbitration.

## IV. Conclusion

In light of the parties' reliance on matters outside the complaint, because it appears to the Court that there are genuine issues of material fact at issue in this case, and resolving ambiguities and drawing all reasonable inferences in favor of the plaintiff, it is hereby **ORDERED** that Defendant Liberty Mutual's motion is **DENIED**. It is further **ORDERED** that Defendant shall file a responsive pleading by no later than March 9, 2005.